IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-mc-00121-NYW

**UBER TECHNOLOGIES, INC., RAISER, LLC, AND RAISER-CA, LLC,**

    *Petitioners-Issuing Parties*,

v.

**EXPRESS DIGITAL SERVICES, LLC AND SHAWN GRAFT D/B/A EXPRESS DIGITAL SERVICES, LLC,**

    *Respondents- Subpoenaed Parties*.

*Subpoena relates to: In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation, Case No. 3:23-md-03084-CRB, MDL No. 3084, pending in the U.S. District Court for the Northern District of California before Hon. Charles R. Breyer*

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS DUCES TECUM ISSUED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

# DECLARATION OF MICHAEL B. SHORTNACY

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Petitioners Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC's (collectively, "Petitioners") Motion to Transfer Proceeding to Enforce Subpoenas Duces Tecum Issued by the U.S. District Court for the Northern District of California to the Issuing Court or to Compel Compliance with Subpoenas, regarding the Subpoenas issued by the U.S. District Court for the Northern District of California in the matter *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB, MDL No. 3084, pending in the before Hon. Charles R. Breyer (the "Uber MDL"), directed to and served upon Respondents Express Digital Services, LLC and Shawn Graft d/b/a Express Digital Services, LLC

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Respondents in the Uber MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. Attached as Exhibit A is a true and accurate copy of Docket number 752 in the Uber MDL, an order by Magistrate Judge Lisa J. Cisneros captioned "Order Re: Nonparty Subpoena Disputes," dated July 27, 2024, and reported on the Westlaw platform at 2024 WL 3559730.

-2-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

4. Attached as Exhibit B are true and accurate copies of Docket numbers 3604, 3784, 3876, 3972, 4137, 4294, 4440, 4456, 4569, and 4575 in the Uber MDL, orders entered by District Judge Charles R. Breyer on September 9 and 22 and November 19, 2025, and motions filed by Defendants in the MDL on July 30, August 28, October 13, November 3 and 21, and December 5, 2025. These motions and orders relate to the submission of fraudulent Uber ride receipts, including those created using Respondents' services, in the Uber MDL.

5. Attached as Exhibit C is a true and accurate copy of the subpoena issued and served on Express Digital Services, LLC, dated September 23, 2025, and an Affidavit of Due Diligence for the attempted service of this subpoena. Attempted service was unsuccessful on September 24, 2025 because the registered address was a private mailbox service, Pack & Ship. Petitioners had to subpoena Pack & Ship to learn the owner of the mailbox was Shawn Graft.

6. Attached as Exhibit D is a true and accurate copy of the subpoena issued and served on Shawn Graft d/b/a Express Digital Services, LLC, dated October 9, 2025 and served on that same date.

7. Attached as Exhibit E is a true and accurate copy of the subpoena issued and served on Express Digital Services, LLC, dated October 17, 2025 and served on that same date. This second subpoena to Express Digital Services, LLC was served at the request of counsel for Respondents and served on counsel for Respondents by email with Respondents' consent.

8. Attached as Exhibit F are true and accurate copies of the Terms and Conditions for Respondents' online and smartphone app services, as posted on Respondents' websites. The Terms

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

and Conditions for Respondents' service MakeReceipt are found at "https://makereceipt.com/terms-conditions.php." The Terms and Conditions for Respondents' service ExpressExpense are found at "https://expressexpense.com/terms-conditions.php." The Terms and Conditions, titled "Site Contents, Ownership, and Use Restrictions," of Respondents' service ExpenseFast are found at "https://expensefast.com/terms-and-conditions/." The Terms and Conditions for Respondents' service DocDesk are found at "https://docdesk.co/terms-and-conditions/." The Terms and Conditions for Respondents' service InvoiceWriter are found at "https://invoicewriter.com/terms-conditions.php." The copies of these terms and services included in Exhibit F were collected from Respondents' websites on December 18, 2025.

9. Attached as Exhibit G are true and correct copies of three email chains between Michael Shortnacy, Adam Shoshtari, and Jay Haider (counsel for Petitioners) and Kelly Twigger (counsel for Respondents), with emails dated: (1) October 15, October 17, October 20, October 23, October 26, October 30, October 31, November 4, November 10, November 17, November 19, November 20, and November 21, 2025; (2) November 21, November 26, and December 1, 2025; and (3) December 2, December 3, December 5, December 6, December 7, and December 8, 2025.

**MDL Plaintiffs' Use of Respondents' Services to Create Fake Uber Ride Receipts**

10. On information and belief, Respondents' services include MakeReceipt.com, ExpressExpense.com, ExpenseFast.com, Docdesk.co, InvoiceWriter.com, Make Receipt app, ExpressExpense app (collectively, "MakeReceipt"). As Respondents' counsel stated in a

-4-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

November 17, 2025 email regarding the difference between free and paid accounts, "any receipts created from my client's applications [for free users] would carry a watermark that says either 'Become a member to remove watermark' or 'For pro or enterprise members only.'" *See* Ex. G at 2 (Nov. 17, 2025). MakeReceipt's website further states, "If you choose to become a member, the receipt watermark will be removed." https://makereceipt.com/; *see also* https://expressexpense.com/ ("Members enjoy watermark-free receipts for a professional look.").

        11.      The front page of the Expense Fast website ("https://expensefast.com/") states, "For entertainment, research and educational purposes ONLY," and the next line immediately below, "NOT intended for use for fraudulent purposes," demonstrating Respondents' knowledge that their services could be used for fraudulent purposes. The front page of the Expense Fast website also includes a list of four links on the center-right side, one of which reads "Make Fake Receipts." A true and accurate screenshot of the front page of the Expense Fast website, taken on December 16, 2025, is below:

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____



**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

12.     The Expense Fast website ("https://expensefast.com/uber-receipt-generators-are-useful-for-so-many-reasons/") has an article dated July 24, 2024 titled "Uber Receipt Generators are Useful for So Many Reasons." A true and accurate screenshot of that article, taken on December 15, 2025, is below:



13.     On the Make Receipt website ("www.makereceipt.com/faq.php"), under the FAQ section, under the question "Can I use the Walmart or Target receipts for returns at the store?," Respondents state, "We do not recommend attempting to use any of our receipt templates for fraudulent purposes," demonstrating Respondents' knowledge that their services could be used for fraudulent purposes.

14.     The Make Receipt website ("https://makereceipt.com/receipt-templates/taxi/uber-receipt/") has a template for creating fake Uber ride receipts, with the heading "Uber Receipt

-7-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

Generator – Create & Customize Online." A true and accurate screenshot of that article, taken on December 15, 2025, is below:



15. Multiple Plaintiffs in the Uber MDL submitted receipts in support of their claims bearing the MakeReceipt watermark, and another MDL Plaintiff submitted a receipt without a watermark but that also bears indicia that it was generated using MakeReceipt. *See* Uber MDL, Dkt. No. 3604 at 3-4. On information and belief, individuals can easily remove watermarks with a variety of readily accessible tools.

**Respondents' Noncompliance with Subpoenas, Which Seek the Identities of Users Who Have Created Fake Uber Ride Receipts**

16. The first communication between counsel for Petitioners and counsel for Respondents was on October 15, 2025. Counsel for Petitioners and counsel for Respondents conferred by videoconference on October 16, November 6, and November 21, 2025. I have personal knowledge of those discussions because I participated in those conferrals.

17. On the October 16, 2025 conferral, counsel for Petitioners and Respondents discussed Respondents' compliance, and Petitioners' service of an amended subpoena that added a limitation on the timeframe for the documents to be produced by Respondents and provided Respondents 14 days to comply.

18. On October 26, 2025, Respondents produced six spreadsheets for Respondents' various services, containing data relating to requests to produce Uber receipts by paid users. On October 31, 2025, Respondents made a supplemental production because, according to Respondents, the spreadsheet for Expense Fast had incorrect information. The supplemental production provided a replacement file for one of the previously-produced spreadsheets.

19. The data produced by Respondents related only to users of their paid services. This data was not sufficient to permit MDL Defendants (Petitioners) to match MDL Plaintiffs with users of Respondents' applications or websites. For instance, Respondents produced email addresses used to create non-bona fide Uber ride receipts, which, on information and belief, are not the same email addresses MDL Plaintiffs used to create their Uber accounts—and therefore are of no use in

-9-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

most instances in identifying MDL Plaintiffs who used Respondents' services to create fraudulent Uber ride receipts.

20. On the November 6, 2025 conferral, counsel for Petitioners and Respondents discussed Respondents' compliance, including the potential differences in responsive documents for paid users and free users. Counsel for Petitioners stated that they would discuss with their client the possibility of paying for Respondents' reasonable compliance costs.

21. On the November 21, 2025 conferral, counsel for Petitioners and Respondents discussed Respondents' compliance, including Petitioners' request for Stripe IDs.

22. During the conferrals, Respondents acknowledged that they are withholding Stripe IDs for individuals who used Respondents' paid services to create Uber ride receipts. Stripe IDs are unique alphanumeric identifiers associated with users who have paid for Respondents' services. Stripe is a payment processor (*see* stripe.com) that could, on information and belief, use those IDs to identify those users (pursuant to a subpoena and court order, if necessary). Respondents refused to produce this information. Respondents have not explained in the conferrals why producing Stripe IDs would be any more time-consuming or costly than simply exporting that data.

23. Counsel for Respondents offered, on November 21, 2025, to produce only the Stripe IDs for transactions in their produced data for which there is evidence that the user submitted a receipt in the Uber MDL that the user generated using Respondents' services. *See* Ex. G at 15 (Nov. 21, 2025). On November 21, 2025, Petitioners' counsel showed Respondents' counsel redacted "receipts" that MDL Plaintiffs have submitted in the Uber MDL that bear Respondents'

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

watermark, which "receipts" are also publicly available as part of Defendants' first motion for order to show cause regarding non-bona fide ride receipts. *See* Uber MDL, Dkt. 3604 at 3 (Exhibit B).

24. Respondents have not produced names and IP addresses associated with users for its free or paid services. Respondents' counsel has said in conferrals that Respondents do not possess names and IP addresses for users of their free or paid services. Nevertheless, and curiously, Respondents have refused to provide declarations attesting that they do not possess, and have not at any time possessed, names and IP addresses for users of their free or paid services.

25. At no point have Respondents served any written objections to Petitioners' subpoenas.

26. The conferrals by email and videoconference through October 31, 2025 were about how Respondents would comply with the subpoena, not whether they would comply. The first time Respondents' counsel offered any specific narrowing of the subpoena requests was on November 17, 2025 when they asked Petitioners to limit their request for Stripe IDs to specific identified individuals.

27. Counsel for Respondents repeatedly and consistently represented, both in writing and orally during conferrals, that Respondents consented to having Judge Cisneros of the MDL court resolve this subpoena dispute. For example, on November 21, counsel for Respondents stated in writing, "**If Uber wants to proceed before Judge Cisneros, we are happy to do that . . . .**" Ex. G at 1 (Nov. 21, 2025) (emphasis added); *see also, e.g.*, *id.* ("If instead you prefer to present

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

the matter to Judge Cisneros, any hearing will need to be set after the Thanksgiving holiday at this point."); *id.* at 12-13 (Nov. 21, 2025) ("We will plan to seek those costs in front of Judge Cisneros if we cannot come to an agreement."); *id.* at 10 (Dec. 1, 2025) ("That's a very simple relevance/proportionality argument that we can have with Judge Cisneros as needed."); *id.* ("We will seek to pursue my client's expenses directly with Judge Cisneros.").

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Michael B. Shortnacy*

Executed on December 19, 2025 in Los Angeles, California.

-12-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____