Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com
Jessica Davidson (Admitted *Pro Hac Vice*)

Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL ACTIONS | **MOTION FOR ENTRY OF (1) AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) A CASE MANAGEMENT ORDER ADDRESSING CERTAIN PLAINTIFFS WHO HAVE NOT SUBMITTED RECEIPTS**<br><br>Judge:       Hon. Charles R. Breyer<br>Date:        September 19, 2025<br>Time:        10:00 a.m.<br>Courtroom:   6 – 17th Floor |

NOTICE OF MOTION AND MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB (LJC)

### NOTICE OF MOTION AND MOTION FOR ENTRY
### OF TWO ORDERS RELATED TO RECEIPTS

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on September 19, 2025 at 10:00 a.m. before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, Uber) will and hereby do move for Entry Of (1) An Order To Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed With Prejudice And (2) A Case Management Order Addressing Certain Plaintiffs Who Have Not Submitted Receipts.

This motion is made pursuant to Federal Rule of Civil Procedure 37(b) and seeks relief under that Rule and the Court's inherent authority. Uber seeks (1) entry of an order to show cause why the claims of those Plaintiffs listed in the Proposed Order to Show Cause who have submitted non-bona-fide receipts should not be dismissed with prejudice; and (2) entry of a case management order requiring those Plaintiffs listed in the Proposed Case Management Order who have not produced bona fide receipts to do so if they seek to proceed with their lawsuits, or provide a detailed, non-boilerplate reason why they cannot, or else face dismissal.

This motion is based on this notice, the accompanying memorandum of points and authorities, the declarations of Laura Vartain, Brett D. Harrison, Chad Dobbs, and Kristin Fournier, and their accompanying exhibits, any oral argument the Court may permit, and all pleadings and papers on file in this action and on such other matters as may be presented to the Court at or before the hearing.

A meet and confer certification is being filed herewith.


DATED: July 30, 2025                              Respectfully submitted,


                                                  */s/ Laura Vartain Horn*
                                                  _____

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**

2

NOTICE OF MOTION

255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

NOTICE OF MOTION
Case No. 3:23-md-03084-CRB (LJC)

# TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ................................................................................ 1

II.     BACKGROUND .................................................................................................... 2

        A.      PTO #5 ....................................................................................................... 2

        B.      NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS...... 2

III.    ARGUMENT ......................................................................................................... 10

        A.      THE COURT SHOULD EXERCISE ITS AUTHORITY UNDER RULE 37(B)
                TO ORDER PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE
                RECEIPTS TO SHOW CAUSE WHY THEIR CLAIMS SHOULD NOT BE
                DISMISSED WITH PREJUDICE. ......................................................... 10

        B.      THE COURT SHOULD ENTER A NEW CASE MANAGEMENT ORDER
                GOVERNING RIDE RECEIPTS ......................................................... 14

IV.     CONCLUSION...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp. v. Thoeren*,
   913 F.2d 1406 (9th Cir. 1990) ...................................................................10

*Anheuser-Busch, Inc. v. Nat. Beverage*,
   69 F.3d 337 (9th Cir. 1995) .....................................................................11

*In re Cook Med., Inc. Pelvic Repair Sys. Prods. Liab. Litig.*,
   MDL No. 2440, 2018 WL 4698953 (S.D. W. Va. Sept. 28, 2018) .......................15

*In re Deepwater Horizon*,
   907 F.3d 232 (5th Cir. 2018) ...................................................................13

*Freeman v. Wyeth*,
   764 F.3d 806 (8th Cir. 2014) ...................................................................15

*Garcia v. Berkshire Life Ins. Co. of Am.*,
   569 F.3d 1174 (10th Cir. 2009) ...........................................................11, 13

*IV Sols., Inc. v. Off. Depot Emp. Welfare Benefit Plan*,
   No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13,
   2009) ...............................................................................11, 12, 13

*Malone v. U.S. Postal Serv.*,
   833 F.2d 128 (9th Cir. 1987) ...........................................................11, 12, 13

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   460 F.3d 1217 (9th Cir. 2006) ........................................................2, 11, 15

*Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*,
   727 F.2d 1470 (9th Cir. 1984) ...............................................................1, 10

*In re Silica Prods. Liab. Litig.*,
   398 F. Supp. 2d 563 (S.D. Tex. 2005) ....................................................12, 13

*Singh v. Hancock Nat. Res. Grp., Inc.*,
   No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb.
   21, 2017) ...............................................................................11, 13

*Thompson v. Hous. Auth. of City of L.A.*,
   782 F.2d 829 (9th Cir. 1986) ...................................................................10

*United States v. W.R. Grace*,
   526 F.3d 499 (9th Cir. 2008) ...................................................................15

MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB (LJC)

*Wyle v. R.J. Reynolds Indus.*,
709 F.2d 585 (9th Cir. 1983) ...............................................................10

*Yourish v. Cal. Amplifier*,
191 F.3d 983 (9th Cir. 1999) ...............................................................11

**Rules**

Fed. R. Civ. P. 16(f) ...............................................................10

Fed. R. Civ. P. 16(f)(C) ...............................................................10

Fed. R. Civ. P. 37 ...............................................................10, 11

Fed. R. Civ. P. 37(b)(2)(A)(v) ...............................................................10

Fed. R. Civ. P. 37(b)(2)(C) ...............................................................1

Fed. R. Civ. P. 60(b) ...............................................................4

1    **I.      SUMMARY OF ARGUMENT**

2           Nothing is more critical to the integrity of our judicial system than honesty. Unfortunately,

3    Uber has discovered that certain Plaintiffs in this MDL proceeding have submitted non-bona-fide

4    receipts to support their lawsuits. Other Plaintiffs have failed to provide any ride receipts in support

5    of their claims, raising the question in some circumstances whether the ride even occurred.

6    Accordingly, Uber respectfully moves for an order to show cause why the claims of those Plaintiffs

7    who have submitted non-bona-fide receipts should not be dismissed. Uber also seeks entry of a

8    case management order requiring Plaintiffs who have not produced bona fide receipts to do so if

9    they seek to proceed with their lawsuits, or else face dismissal.

10          As the Ninth Circuit has recognized, dismissal of claims is warranted where a party,

11   "[p]ursuant to a discovery order," "willfully, deliberately, and intentionally submitted false

12   documents to support apparently untenable claims and defenses." *See Pro. Seminar Consultants,*

13   *Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984) (upholding

14   dismissal under Fed. R. Civ. P. 37(b)(2)(C) where "[p]ursuant to a discovery order, [a party]

15   produced documents" that were "falsified," including "photocopies of checks"). Here, the

16   Plaintiffs discussed in Section II.B either: (1) generated phony receipts using websites designed

17   for that purpose (*e.g.*, Makereceipt.com); (2) produced receipts containing evidence of alterations

18   including glaring math errors and formatting inconsistencies; (3) provided receipts that contained

19   alterations from an actual receipt (*e.g.*, the actual receipt shows a female driver and the receipt

20   produced in this litigation is otherwise identical but altered to show a male driver); or (4) produced

21   two different versions of the same receipt, both altered from the original. The Court should issue

22   an order to show cause why these plaintiffs' claims should not be dismissed with prejudice.

23          In addition to the Plaintiffs in the MDL who have altered their receipts, over 300 Plaintiffs

24   in the MDL have failed to produce any ride receipts whatsoever. Of those, this motion focuses on

25   90 who have either provided no reason for not submitting a receipt or have provided only a

26   boilerplate reason. For these 90 Plaintiffs, Uber respectfully requests that the Court enter Uber's

27   proposed case management order, requiring that Plaintiffs either (1) produce a receipt for the trip

28
                                                        1
─────────────────────────────────────────────────
     MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
                                           Case No. 3:23-md-03084-CRB (LJC)

that is the basis for their allegations (and verify under penalty of perjury that the receipt is authentic and they took the trip covered by the receipt); (2) provide a detailed, non-boilerplate reason why no receipt is available and the reasonable search efforts taken to identify such receipt (also under penalty of perjury); or (3) be dismissed with prejudice.[1] *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226, 1240 (9th Cir. 2006).

## II.    BACKGROUND

### A.    PTO #5

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" PTO #5, ECF 175, ¶ 4; *see also* PTO #10, ECF 348, ¶ 2.

### B.    NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS

At least 21 Plaintiffs listed in this Section II.B (and Exhibit 1 of the proposed order to show cause) have violated the Court's Order by submitting receipts that are not bona fide. There are likely to be additional such Plaintiffs, including but not limited to Plaintiffs who purchased the "Pro" or "Enterprise" membership from [Makereceipt.com](Makereceipt.com) (discussed below), which makes receipt alteration more difficult to detect. This motion addresses only certain Plaintiffs whose alterations Uber has been able to identify through its manual, line-by-line review process thus far.

#### 1.    Fake Receipts Generated Through Third-Party Websites

Makereceipt.com is a website that assists users in creating phony receipts. Although it advertises itself as "[t]rusted by thousands of people in 84 countries," Makereceipt.com used fictitious names and addresses in its California Secretary of State filings. Vartain Dec. ¶2.[2]

With just a few basic inputs, Makereceipt.com can generate receipts that otherwise appear to have been generated by Uber (or other companies). Harrison Decl. at 3. The website offers users different levels of membership, including "Standard," "Pro," and "Enterprise" plans:

---

[1] Although not addressed in this Motion, Uber does not concede that the reasons for not providing a receipt offered by all of the remaining Plaintiffs are valid.

[2] The company that owns the Makereceipt.com website (Express Digital Services LLC) no longer resides at its registered address - 340 S. Lemon Ave., Ste. 1544, Walnut, CA 91789-2706. Vartain Decl., Par. 2.  The registered agent and only officer listed—Justin Taster—is not a real person. *Id.*

| Standard | PRO | Enterprise |
|----------|-----|------------|
| $7.99 $9.99 | $12.79 $15.99 | $39.99 $49.99 |

Makereceipt.com's Plans available at https://makereceipt.com/signup-now.php

The FAQ section in the website states: "[Q:] Help! I am a member and still see watermarks on my receipt. [A:] Many of our receipts are for PRO or Enterprise members only. You will see a watermark stating 'For Pro or Enterprise Members Only' on these receipts. . . . Standard members need to upgrade their account from the ACCOUNT page to access these PRO-level receipts." In other words, users who buy the lower-cost Standard Plan get receipts with watermarks, and users who buy Pro and Enterprise Plans get receipts without watermarks. Harrison Decl. at 3.

The receipts below, submitted by Plaintiffs with MDL ID 2812 and MDL ID 1914, include watermarks stating "FOR PRO OR ENTERPRISE MEMBERS ONLY," indicating that the receipts were generated on Makereceipt.com using the Standard Plan. *Id.* at 12–13, 30–31.

**Ex. 1-A (MDL ID 2812)[3]**



**Ex. 2-A (MDL ID 1914)**



---

[3] The 22 receipt exhibits are attached to the Vartain Declaration.

3

As discussed in the attached declaration of Brett Harrison, a forensic expert at FTI, these receipts, like others listed in this Motion, also contain other indicators that they have been altered, including significant variations from Uber's standard receipt formats. *Id.*[4]

Because Pro and Enterprise Memberships permit users to generate receipts without the watermark (*id.* at 3), there may well be additional receipts created by such members of Makereceipt.com (or similar websites) that Uber has not yet been able to identify. For example, the first receipt discussed in the section immediately below does not contain a Makereceipt.com watermark but does contain a telltale sign that it was generated using Makereceipt.com.

### 2.    Receipts With Math Errors And Other Internal Inconsistencies

Other Plaintiffs have produced receipts with math errors, internal inconsistencies, and errors in the way that times, addresses, and payments are displayed. For example, some of Plaintiffs' receipts, like the one pictured below, miscalculate the total ride time. The ride in the receipt below, which does not contain a watermark, is shown as lasting 23 hours and 45 minutes, while the ride occurred from 11:46 p.m. until 12:01 a.m. *Id.* at 4. This miscalculation results from an error using Makereceipt.com. FTI has confirmed, by purchasing a Makereceipt.com account, that users who input a ride-start time shortly before midnight and a ride-end time shortly after midnight generate a ride receipt showing a ride time close to 24 hours. *Id.*

**Ex. 3 (MDL ID 1194)**    Actual Duration = 15 Minutes



---

[4] MDL 1914 was previously dismissed without prejudice on June 2, 2025 due to failure by the plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of their counsel, but given the seriousness of the conduct at issue the dismissal should be converted to with-prejudice pursuant to Federal Rule of Civil Procedure 60(b).

MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB (LJC)

The above receipt also contains other indicators it was altered. For example, it does not capitalize street names in the pick-up and drop-off addresses, does not use commas to separate the street name from the city, does not have a space between the city and state, and includes a period after the state abbreviation—all of which is inconsistent with Uber's formatting. *Id.* at 4.

Other Plaintiffs have produced receipts with math errors. In the below examples, the line-item charges add up to different totals than what is reflected on the receipts. *Id.* at 5-7, 9-10, 19. Below, the numbers on the receipt add up to $7.03, but "Total" is listed as $7.12.

**Ex. 4 (MDL ID 2918)**



MDL ID 3425's receipt's numbers add up to $14.49, but the listed "Total" is $14.99.

**Ex. 5 (MDL ID 3425)**



Below, the numbers add up to $37.15, but the listed "Total" is $36.79.

**Ex. 7 (MDL ID 3038)**



Bona fide Uber receipts also do not reflect "surcharges" and "benefits" for a given state unless a ride occurs in that state. Dobbs Decl. ¶ 3. But certain Plaintiffs, including MDL ID 2723, produced receipts erroneously showing fees that are charged in certain states on receipts for trips allegedly completed in a different state, as shown in Appendix A.6.[5] App.A.6; Ex. 6.

Plaintiffs have also produced receipts with timestamp errors, including receipts showing purported payments made months before the alleged ride. Regardless of when the ride was requested, the payment timestamp on bona fide receipts is published after the trip is completed. An example in Appendix A (A.5), for MDL ID 3425, shows a payment timestamp an *entire year* before the trip-start timestamp. Harrison Decl. at 6; App.A.5; Ex.5.

The same payment timing issue occurs in receipts submitted by MDL ID 3286 (*i.e.,* payment time of 9:20PM which was 14 minutes prior to the 9:34PM pickup and 30 minutes prior to the 9:50PM drop-off), MDL ID 2734 (*i.e.,* payment time of 3:31PM which was 1 hour and 11 minutes prior to the pickup and 1 hour and 28 minutes prior to the 4:59PM drop-off), MDL ID 2918 (*i.e.,* payment time of 12:11PM which was 17 minutes prior to the 12:28PM pickup and 24 minutes prior to the 12:35PM drop-off), and MDL ID 2959 (*i.e.,* payment time of 6:54PM which was 1 hour and 33 minutes prior to the 7:47PM drop-off). Harrison Decl. at 5-6, 10–11, 14–15, 18–19; *see also* Exs. 4, 9-B, 10, 14.

---

[5] Appendix A attached to this brief contains screenshots from various receipt exhibits. The complete exhibits are attached to the Vartain Declaration.

MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB (LJC)

### 3.    Receipts Inconsistent with Uber's Formatting

Other receipts submitted by Plaintiffs are inconsistent with the standard formatting used in Uber's system. For example, in addition to having a "FOR PRO OR ENTERPRISE MEMBERS ONLY" stamp indicating that Makereceipt.com was used, the receipt submitted by MDL ID 2812 (App.A.1) is missing the street indicators and commas included in Uber's receipts. Harrison Dec. 12-13; Ex. 1.  The receipt submitted by MDL ID 3422 (App.A.13) is also missing punctuation. Harrison Decl. 17-18; Ex. 13. Appendix A (App.A.1) also includes an example receipt showing what the address on a bona fide Uber receipt looks like.

Other Plaintiffs have submitted receipts that reference "cash" payments, even though at the time of the alleged incident, cash payment options were not available via the Uber app. An example of a receipt submitted by Plaintiffs with a reference to "cash" (in an area where cash was not accepted by Uber at the relevant time) is shown at Appendix A.2. *See also* Dobbs Decl., ¶ 8; Ex. Harrison Decl. at 31; Ex. 2.

Another Plaintiff, MDL ID 2350, submitted a receipt where the "X" in "UberX" was not capitalized. A bona fide Uber receipt with the correct capitalization of "UberX" is shown in the Appendix 11.B. Harrison Dec. at 15; Ex. 11.B. Moreover, the receipt submitted by MDL ID 2350 uses forward slashes between the timestamps and addresses, rather than vertical lines. It also does not include "AM" or "PM," does not capitalize the street name in the drop-off address, and does not include commas in either address - all inconsistent with Uber's formatting. Harrison Decl. 15.

Another inconsistency exists where the line-item charges are not uniformly right-justified in accordance with Uber's standard formatting. The MDL ID 3078 receipt included at Appendix A.12 shows the wrong justification, while the below Uber receipt in Appendix A shows correct justification. Harrison Decl. at 16-17. The MDL ID 3078 receipt also includes a line-item charge with a leading zero ("$02.60"), which is inconsistent with Uber's formatting. *Id.*; *see also* Ex. 12

Other Plaintiffs produced receipts that contain extraneous "0s" in the timestamps and dates. Receipts incorrectly formatted with these extraneous "0s," as well as Uber receipts showing standard formatting without any extraneous "0s" are shown in Appendix A.14.  For example, MDL

7

ID 2959's receipt (App.A.14) shows a start time of "7:018 pm." The receipt submitted by Plaintiff with MDL ID 2959 also does not include commas between the street name and city or the city and state in the pick-up address. Harrison Decl. at 18–19; App.A.14; Ex. 14.

The receipt submitted by MDL 3198 (App.A.15) contains a reference to "0 hour," but bona fide Uber receipts do not "0 hour." Harrison Decl. at 20-21; App'x A.15, Ex. 15. And the receipt submitted by MDL 1194 does not state the rider's name as a bona fide Uber receipt would; it only says, "Here's your updated ride receipt." Harrison Decl. at 15; AppA.3; Ex. 3.

### 4. Receipts with Stray Marks

Other receipts were produced with stray marks, indicating alteration. One example of such a stray mark is the gray circle pictured in the middle of the receipt for MDL 3047 shown in Appendix A.21-B. Harrison Decl. at 32-33; App.A.21-B; Ex. 21-B.

### 5. Two Different Receipts Produced in the MDL by One Plaintiff.

The receipts MDL ID 2103 and 2277 were both submitted by the same Plaintiff. The name of the rider, time of the trip, origin and destination addresses and distance between them (*see* App.A.16-B, 16-C), and payment date are identical between the two versions. *Id.* at 21-23. But the date of the ride and name of the driver are different. The Plaintiff who submitted these receipts dismissed (without prejudice) the claim associated with MDL 2277, but kept the claim associated with MDL 2103. *See* App.A.16-B, 16-C; Exs. 16-B, 16-C.

### 6. Two Plaintiffs Submitting Different Versions of the Same Receipt.

In another example, two Plaintiffs, MDL ID 3510 and 3521, represented by the same law firm submitted different versions of the same original receipt (App.A.17-B, 17-C). The two produced receipts have the same request time, start/end times, locations, fare, and driver name. However, the receipts have different rider names and PayPal info. In one part of the MDL 3521 receipt, the trip date is "July 19, 2021," although another part of the receipt inexplicably lists a different date "July 7" for the same ride. Harrison Decl. 23-26; Ex. 17-B, 17-C.

Uber has also identified the original authentic receipt (which has not been produced by any Plaintiff) from which both of these two above receipts were adapted. Vartain Decl. 23.

7.  **The Alteration of Actual Receipts, Including to Change Female Driver Names to Male Driver Names.**

On the below left is the original receipt of an actual ride that occurred on August 9, 2024, with a female driver name. On the below right is the version of the receipt produced in the litigation, which was altered to change the name from a female drive ▮▮▮ to a male driver ▮▮▮. All other details in the receipt remained the same. Harrison Decl. at 28–29.

Original:                                              Ex. 19-B (MDL ID 3303)




Another example submitted by Plaintiff with MDL ID 3048 (at App.A.18-B) is from an actual ride on August 9, 2024. *Id.* at 27. The version of the receipt produced in the litigation was altered, changing the name from a female driver ▮▮▮ to a male driver ▮▮▮ and changing the date of the ride. All other details in the receipt remained the same. *Id.*; App.A.18-B; Ex. 18-B. Yet another example, MDL ID 3047, is from an actual ride (App.A.21-A) that occurred on March 29, 2024. Harrison Decl. 32-33. The version of the receipt produced in the litigation (App.A.21-

MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB (LJC)

B) was altered, such that the name of the rider is different (changing the name from █████ to █████), but all other details are identical. *Id.*; *see also* Ex. 21A, 21B.

In another example, MDL ID 312, an actual receipt (App.A.20-A) with another female driver █████ was changed to name a male driver █████ (App.A.20-B). Once again, all other details in the receipt remained the same. Harrison Decl. 31-32; *see also* Exhibit 20A, 20B.

## III.    ARGUMENT

### A.    THE COURT SHOULD EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO ORDER PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS TO SHOW CAUSE WHY THEIR CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE.

At least the 21 Plaintiffs listed in Section II.B have not complied with this Court's order to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" PTO #5, ECF 175, ¶ 4; PTO #10, ECF 348, ¶ 2. The Court should order these Plaintiffs to show cause why their claims should not be dismissed with prejudice.

Federal Rule of Civil Procedure 16(f) provides that "the [C]ourt may issue any just orders" when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(C). Such "just orders" may include, for example, "dismissing the action[.]" Fed. R. Civ. P. 37(b)(2)(A)(v); *Wyle v. R.J. Reynolds Indus.*, 709 F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction of dismissal[.]"). The production of "falsified" discovery in response to a "discovery order" is grounds for dismissal under Rule 37. *Pro. Seminar*, 727 F.2d at 1472-73 (affirming default judgment against defendant that "did not assert that the documents were genuine.").

Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]"[6] *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle*, 709 F.2d at 589. "Where a party has engaged deliberately in deceptive practices that undermine the

---

[6] "[D]ismissal sanctions under Rule 37 and a court's inherent powers are similar." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990). The Ninth Circuit therefore "use[s] cases involving dismissal under Rule 37 and inherent powers interchangeably." *Id.*

integrity of judicial proceedings"—such as "fabricat[ing]" evidence during discovery—"[i]t is well settled that dismissal is warranted" under the Court's inherent authority. *IV Sols., Inc. v. Off. Depot Emp. Welfare Benefit Plan*, No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, at *2, *14 (C.D. Cal. May 13, 2009) (dismissing action where plaintiff "fabricated an invoice" during discovery) (citing *Anheuser-Busch, Inc. v. Nat. Beverage*, 69 F.3d 337, 348 (9th Cir. 1995)).[7]

Regardless of whether a district court is acting pursuant to Rule 37 or its inherent authority, the Ninth Circuit has held that "[a] district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citation and internal quotations omitted). Each of the *Malone* factors support dismissal here.

***Public interest and the Court's docket***. The first two factors—"the public's interest in expeditious resolution of litigation" and "the court's need to manage its docket"—both "strongly support the court's dismissal" of the claims of Plaintiffs who deliberately fail to comply with court orders or engage in fraudulent discovery. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226, 1240 (9th Cir. 2006). "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "Sound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *Id.* at 1234.

---

[7] *See also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893, at *24 (E.D. Cal. Feb. 21, 2017) (plaintiffs "falsified documents to respond to discovery requests," which "demonstrate bad faith and . . . willful abuse of the judicial process and support the issuance of terminating sanctions."); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1176, 1179 (10th Cir. 2009) (affirming dismissal where plaintiff "fabricated a number of discovery documents in an effort to win her case.").

Deterrence is especially important here. There are now more than 2,455 Plaintiffs in this proceeding, resulting in part from aggressive online advertising from plaintiffs' counsel, such as the following ads offering a "Free Compensation Check!" or "**Significant Compensation**":



At the same time, Makereceipt.com and even Reddit users have provided suggestions on creating Uber receipts, advertised as "UnethicalLifeProTips." https://www.reddit.com/r/UnethicalLifeProTips/comments/1f0zvt2/ulpt_need_someone_to_creat e_an_uber_receipt/ (providing a link to Makereceipt.com). Prospective plaintiffs need to understand there is a consequence for alteration of evidence, and that doing so will not result in monetary compensation.

***Prejudice***. Courts "examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Here, Plaintiffs' fabrication of receipts means that Uber has "been forced to defend this case from the outset – despite its basis in fraud," which is the paradigmatic form of prejudice. *See IV Sols.*, 2009 U.S. Dist. LEXIS 133650, at *20; *see also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005) (filing claims based on false diagnoses forced defendants to "pay significant costs litigating meritless claims."). This misconduct also calls into question the "veracity" of all of these Plaintiffs' other discovery responses, which will require Uber to "attempt

1  independent corroboration of each submission, at substantial expense or time and money, or to

2  accept the real possibility that those discovery documents . . . are inaccurate." *Garcia*, 569 F.3d at

3  1180 ("submission of falsified evidence substantially prejudices an opposing party"). Moreover,

4  allowing these claims to proceed would also prejudice the rights of claimants who have complied

5  with their discovery obligations and undermine their "full and meaningful access to the courts." *In*

6  *re Silica*, 398 F. Supp. 2d at 636; *see also In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir.

7  2018) (such conduct "hamper[s] the resolution of meritorious claims by real plaintiffs.").

8      ***Public policy***. Where Plaintiffs have "purposefully and defiantly violated a court order"—

9  in this case, by submitting non-bona-fide receipts—"it is unnecessary … to discuss why

10  alternatives to dismissal are infeasible." *Malone*, 833 F.2d at 132. Nor is any further warning to

11  Plaintiffs necessary. There is no concern that the receipts at issue were somehow generated in good

12  faith by unsophisticated people. For example, in the case of receipts generated from

13  Makereceipt.com, it takes a level of sophistication and consciousness of wrong-doing to know that

14  the internet provides the ability to falsify receipts and to go to that website for such a purpose.

15  Dismissal is thus very strongly in the public interest.

16      ***Availability of lesser sanctions***. "It is difficult to conceive an act of misconduct graver than

17  the outright fabrication of evidence that Plaintiffs here undertook[.]" *IV Sols.*, 2009 U.S. Dist.

18  LEXIS 133650, at *23. Such actions "demonstrate bad faith and Plaintiffs' willful abuse of the

19  judicial process and support the issuance of terminating sanctions." *Singh*, 2017 U.S. Dist. LEXIS

20  24893, at *24. Lesser sanctions would not sufficiently deter other current (or potential) Plaintiffs

21  from engaging in similar conduct.

22      For these reasons, the Court should enter Uber's proposed order attached hereto, requiring

23  the 21 Plaintiffs listed in Section II.B (and Exhibit 1 to the proposed show cause order) to show

24  cause why their claims should not be dismissed with prejudice.

25

26

27

28

MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB (LJC)

1

## B.    THE COURT SHOULD ENTER A NEW CASE MANAGEMENT ORDER GOVERNING RIDE RECEIPTS

2

Separate and apart from the Plaintiffs in Section II.B who have submitted non-bona-fide receipts, over 300 Plaintiffs in this MDL have failed to submit a receipt at all. PTO #5 provides that "[f]or those cases where a receipt is not readily available, Plaintiffs' counsel must disclose to Defendants . . . why the receipt is unavailable." PTO #5, ECF 175, ¶ 4. But 92 Plaintiffs have either provided no reason for not submitting a receipt or have provided boilerplate reasons.

For example, 21 Plaintiffs represented by Levin Simes have submitted an identical, boilerplate reason for not providing a receipt: "Plaintiff's counsel is working with Plaintiff to obtain the ride receipt." For some Plaintiffs, that boilerplate justification was provided in February 2024, meaning Plaintiffs have been "working" with "Plaintiff's counsel" to provide a receipt for 18 months. These Plaintiffs should be required to provide a receipt promptly, to provide a detailed reason why they cannot, or be dismissed with prejudice.[8]

At this stage, Uber does not ask this Court to apply the new case management order to all the Plaintiffs who have not provided a receipt. For example, Plaintiff ID 1331 (who is not the subject of this Motion) alleges that "Friend requested Uber for her." Putting aside for now the issue of whether Plaintiffs such as this one could obtain receipts from their friends, Uber does not ask that the Case Management Order apply at this stage to Plaintiffs who allege that others ordered their Uber, or who have provided reasons other than the boilerplate, non-detailed reasons those set forth in Exhibit 25 to the Vartain Declaration. Rather, Uber only asks that the order apply to the 90 Plaintiffs listed Uber's Proposed Case Management Order who have provided only boilerplate reasons—or none at all—for not providing a receipt.

---

[8] Another 42 Plaintiffs represented by Williams Hart & Boundas, LLP all stated: "Plaintiff is unable to obtain receipt for the ride at issue." Other Plaintiffs' firms provided reasons that are lengthier, but that are still classic boilerplate. For example, no fewer than 18 Plaintiffs represented by Nachawati Law Group submitted exactly the same boilerplate reason for not providing a receipt: "Despite a diligent search of Plaintiff's email address that she believes was associated with her Uber account at the time of the subject ride, Plaintiff cannot locate a ride receipt and does not recall whether she ever received a receipt of the ride. Plaintiff has been unable to access her account and locate the receipt despite a diligent effort to do so. Additionally, while Plaintiff believes the below phone number and email address were associated with this ride and account, it is ***possible*** that an older or now expired number or email address may have instead been associated with this ride or account, any details of which she does not recall at this time." (__) (emphasis added).

14

The Court has authority to enter such an order. "[A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (internal citation omitted). This authority is especially important in the MDL context given the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re PPA*, 460 F.3d at 1231. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. "A [court's] 'willingness to resort to sanctions' in the event of noncompliance" with pretrial orders "can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Med., Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2440, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

The Ninth Circuit has approved case management orders in the context of MDL proceedings that "implement[] progressively more severe penalties and issu[e] warnings" and, ultimately, dismiss non-complying parties. *In re PPA*, 460 F.3d at 1240. The Court should thus enter Uber's proposed case management order, attached hereto, which requires the Plaintiffs listed therein to either (1) produce a receipt, submitted under penalty of perjury, or (2) provide a detailed reason why no receipt is available (including information about the most recent Uber receipts available in the Plaintiff's email and Uber app), also under penalty of perjury. To the extent Plaintiffs fail to comply with this order, their claims should be dismissed with prejudice.

## IV.    CONCLUSION

Uber respectfully requests that the Court (1) enter the order attached hereto requiring the Plaintiffs listed therein to show cause why their claims should not be dismissed for providing a non-bona-fide receipt; and (2) enter the case management order attached hereto addressing certain Plaintiffs who have not produced receipts.

15

DATED: July 30, 2025                    Respectfully submitted,


                                        */s/ Laura Vartain Horn*
                                        Laura Vartain Horn (SBN 258485)
                                        **KIRKLAND & ELLIS LLP**
                                        555 California Street, Suite 2700
                                        San Francisco, CA 94104
                                        Telephone: (415) 439-1625
                                        laura.vartain@kirkland.com

                                        Jessica Davidson (Admitted *Pro Hac Vice*)
                                        Christopher D. Cox (Admitted *Pro Hac Vice*)
                                        **KIRKLAND & ELLIS LLP**
                                        601 Lexington Avenue
                                        New York, NY 10022
                                        Telephone: (212) 446-4800
                                        jessica.davidson@kirkland.com
                                        christopher.cox@kirkland.com

                                        Allison M. Brown (Admitted *Pro Hac Vice*)
                                        **KIRKLAND & ELLIS LLP**
                                        2005 Market Street, Suite 1000
                                        Philadelphia, PA 19103
                                        Telephone: (215) 268-5000
                                        alli.brown@kirkland.com

                                        SABRINA H. STRONG (SBN: 200292)
                                        sstrong@omm.com
                                        JONATHAN SCHNELLER (SBN: 291288)
                                        jschneller@omm.com
                                        **O'MELVENY & MYERS LLP**
                                        400 South Hope Street, 19th Floor
                                        Los Angeles, CA 90071
                                        Telephone: (213) 430-6000
                                        Facsimile: (213) 430-6407

                                        ALYCIA A. DEGEN (SBN: 211350)
                                        adegen@shb.com
                                        MICHAEL B. SHORTNACY (SBN: 277035)
                                        mshortnacy@shb.com
                                        **SHOOK, HARDY & BACON, LLP**
                                        2121 Avenue of the Stars, Suite 1400
                                        Los Angeles, CA 90067
                                        Telephone: (424) 285-8330
                                        Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

17

MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS

1   Laura Vartain Horn (SBN 258485)
    **KIRKLAND & ELLIS LLP**
2   555 California Street, Suite 2700
    San Francisco, CA 94104
3   Telephone: (415) 439-1625
    laura.vartain@kirkland.com
4
    Allison M. Brown (Admitted *Pro Hac Vice*)
5   **KIRKLAND & ELLIS LLP**
    2005 Market Street, Suite 1000
6   Philadelphia, PA 19103
    Telephone: (215) 268-5000
7   alli.brown@kirkland.com
8   Jessica Davidson (Admitted *Pro Hac Vice*)
    **KIRKLAND & ELLIS LLP**
9   601 Lexington Avenue
    New York, NY 10022
10  Telephone: (212) 446-4800
    jessica.davidson@kirkland.com
11
    *Attorneys for Uber*
12  UBER TECHNOLOGIES, INC., RASIER, LLC,
    And RASIER-CA, LLC
13

14                      **UNITED STATES DISTRICT COURT**

15                      **NORTHERN DISTRICT OF CALIFORNIA**

16                       **SAN FRANCISCO DIVISION**

17
    IN RE: UBER TECHNOLOGIES, INC.          Case No. 3:23-md-03084-CRB (LJC)
18  PASSENGER SEXUAL ASSAULT
    LITIGATION                              **MOTION FOR ENTRY OF AN ORDER**
19                                          **TO SHOW CAUSE WHY 6 PLAINTIFFS**
                                            **WHO HAVE SUBMITTED NON-BONA**
20  This Document Relates to:              **FIDE RECEIPTS SHOULD NOT BE**
                                            **DISMISSED WITH PREJUDICE**
21  ALL ACTIONS
                                            Complaint Filed Date:
22
                                            Judge:       Hon. Charles R. Breyer
23                                          Date:        October 3, 2025
                                            Time:        10:00 a.m.
24                                          Courtroom:   6 – 17th Floor

25

26

27

28

1    **NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER RELATED TO RECEIPTS**

2           Please take notice that on October 3, 2025 at 10:00 a.m. before the Honorable Charles R. Breyer

3    in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above entitled Court,

4    located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc.,

5    Rasier, LLC, and Rasier-CA, LLC (collectively, Uber) will and hereby do move for Entry Of An Order

6    To Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be

7    Dismissed With Prejudice. This motion is made pursuant to Federal Rule of Civil Procedure 37(b) and

8    seeks relief under that Federal Rule of Civil Procedure and the Court's inherent authority. Uber seeks

9    entry of an order to show cause why the claims of those Plaintiffs listed in the Proposed Order to Show

10   Cause who have submitted non-bona-fide receipts should not be dismissed with prejudice. This motion

11   is based on this notice, the accompanying memorandum of points and authorities, the declarations of

12   Brett D. Harrison and Chris Cotton, and their accompanying exhibits, any oral argument the Court may

13   permit, and all pleadings and papers on file in this action and on such other matters as may be presented

14   to the Court at or before the hearing. A meet and confer certification is being filed herewith.

15

16   DATED: August 28, 2025                              Respectfully submitted,

17

18                                                          _/s/ Laura Vartain Horn_____

19

20

21

22

23

24

25

26

27

28

1

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER RELATED TO
    RECEIPTS ................................................................................................. 1

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ....................................................................................... 1

    A.     PTO #5 ........................................................................................ 1

    B.     Non-Bona-Fide Receipts Submitted by Certain Plaintiffs .................... 1

III.    ARGUMENT ............................................................................................ 8

    A.     Like the Request in Uber's Receipts Motion the Court Should Exercise its
           Authority Under Rule 37(b) to Dismiss the Claims of Plaintiffs who have
           Submitted Non-Bona-Fide receipts. ..................................................... 8

IV.    CONCLUSION ...................................................................................... 11

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1

**TABLE OF AUTHORITIES**

2
**Page(s)**

3
**Cases**

4
*Adriana Int'l Corp. v. Thoeren,*
5
    913 F.2d 1406 (9th Cir. 1990) ...................................................................8

6
*Anheuser-Busch, Inc. v. Nat. Beverage Distribs.,*
7
    69 F.3d 337 (9th Cir. 1995) ......................................................................9

8
*Garcia v. Berkshire Life Ins. Co. of Am.,*
    569 F.3d 1174 (10th Cir. 2009) ............................................................9, 10

9
*IV Sols., Inc. v. Office Depot Emp. Welfare Benefit Plan,*
10
    No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13, 2009)......9, 10, 11

11
*Malone v. U.S. Postal Serv.,*
    833 F.2d 128 (9th Cir. 1987) .................................................................9, 10

12
*In re Deepwater Horizon,*
13
    907 F.3d 232 (5th Cir. 2018) ...................................................................10

14
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
15
    460 F.3d 1217 (9th Cir. 2006) ..............................................................9, 10

16
*In re Silica Prods. Liab. Litig.,*
    398 F. Supp. 2d 563 (S.D. Tex. 2005) .......................................................10

17
*Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.,*
18
    727 F.2d 1470 (9th Cir. 1984) ...............................................................1, 8

19
*Singh v. Hancock Nat. Res. Grp., Inc.,*
20
    No. 93-17335, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb. 21, 2017).................9, 11

21
*Thompson v. Hous. Auth. of City of Los Angeles,*
    782 F.2d 829 (9th Cir. 1986) ....................................................................8

22
*Wyle v. R.J. Reynolds Indus., Inc.,*
23
    709 F.2d 585 (9th Cir. 1983) ....................................................................8

24
*Yourish v. Cal. Amplifier,*
    191 F.3d 983 (9th Cir. 1999) ....................................................................9
25
26
27
28
MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

**Rules**

Fed. R. Civ. P. 16(f)(C) .................................................................................................8

Fed. R. Civ. P. 37 ......................................................................................................8, 9

Fed. R. Civ. P. 37(b)(2)(A)(v) .......................................................................................8

Fed. R. Civ. P. 37(b)(2)(C) .............................................................................................1

Fed. R. Civ. P. 60(b) .................................................................................................5, 6

1

## I.    INTRODUCTION

Unfortunately, and once again, Uber has discovered that certain Plaintiffs in this MDL proceeding have submitted non-bona-fide receipts to support their lawsuits. Accordingly, Uber respectfully moves for an order to show cause why the claims of those Plaintiffs who have submitted non-bona-fide receipts should not be dismissed. *See* Exhibit A; *see also* Uber's Motion for Entry of an Order to Show Cause (ECF 3604) ("Receipts Motion"). As the Ninth Circuit has recognized, dismissal of claims is warranted where a party, "[p]ursuant to a discovery order," "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *See Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984) (upholding dismissal under Fed. R. Civ. P. 37(b)(2)(C) where "[p]ursuant to a discovery order, [a party] produced documents" that were "falsified," including "photocopies of checks," without holding an evidentiary hearing). Here, in light of the conduct, which again includes the alteration of bona-fide receipts, the Court should issue an order to show cause why these Plaintiffs' claims (*see* Exhibit A) should not be dismissed with prejudice.

## II.    BACKGROUND

### A.    PTO #5

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" PTO #5, ECF 175, ¶ 4; *see also* PTO #10, ECF 348, ¶ 2.

### B.    NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS

At least an additional 6 Plaintiffs listed in Exhibit A have violated the Court's Order by submitting receipts that are not bona fide, and 5 Plaintiffs are represented by law firms included in Uber's Receipts Motion. In fact, one Plaintiff's firm has been on notice about the fraudulent nature of their client's receipt since at least May 2024. There are likely to be additional such Plaintiffs, including but not limited to Plaintiffs who purchased the "Pro" or "Enterprise" membership from Makereceipt.com (discussed in Uber's Receipts Motion), which makes receipt alteration more difficult to detect. This motion addresses only those that Uber has been able to identify through its manual, line-by-line review process thus far.

1    **1.    Uber Has Identified the Alteration of Additional Actual Receipts[1]**

2        The below is the original receipt for an actual ride that occurred on November 30, 2022, with a

3    female driver name ("⬛⬛⬛⬛"). Ex. 1-A.





18        The version of the receipt produced in the litigation was altered, changing the name from a

19    female driver ("⬛⬛⬛⬛") to a male driver ("⬛⬛"). Harrison Decl. 10 § 12 – 16. Ex. 1-B. All other

20    details – e.g., pick-up location and time, drop-off location and time, trip fare – in the receipt remained

21    the same.

[1] MDL ID 1199 also filed a case in *In re Uber Rideshare Cases* in the JCCP and Uber's Counsel previously addressed the unsubstantiated ride receipt (Ex. 6) produced in both litigations with Plaintiff's Counsel via letter on May 14, 2024. Ex. 10. Plaintiff's counsel has been on notice about the fraudulent nature of the receipt submitted and yet has taken no action in 10 months. MDL ID 1199 is currently the subject of Judge Breyer's August 8, 2025 Order Regarding Motion to Dismiss Cases for Failure to Comply with Court Order. ECF 3666. Nevertheless, and in light of the production of a non-bona-fide ride receipt, Uber respectfully requests that for the same reasons identified in Ex. 10, MDL ID 1199's case be dismissed with prejudice.

**MDL ID 2642 (Ex. 1-B)**

  

The below is a real receipt for an actual ride that occurred on January 5, 2018. Ex. 2-A. The real receipt details (e.g., "Base Fare," "Distance," "Time," pick-up location, drop-off location, and payment) uncannily mirror the version of the receipt submitted by MDL ID 1384. *Id.*



MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1     The version of the receipt produced by MDL ID 1384 in the litigation appears to have been

2    materially altered or recreated using aspects of a real receipt, such that the year comprising the Google

3    Maps data ("2018") from the receipt precedes the year in which the trip was completed ("2022"), the

4    date of the ride ("January 1, 2022") is misaligned with the text residing next to it (" | uberX"), the fees

5    listed under "Subtotal" are missing "Driver Paid Sick & Safe Time" expected during the time period of

6    the ride, and there is the presence of stray black dots near the image of the trip map. Harrison Decl. at

7    5 – 6; Ex. 7.

8     **MDL ID 1384 (Ex. 2-B)**                               **Real Receipt (2022) (Ex. 7)**



24     MDL ID 1384 filed a complaint on June 7, 2024 through her counsel, Peiffer Wolf Carr Kane

25    Conway & Wise, LLP ("Peiffer Wolf"). On January 8, 2025, Peiffer Wolf Carr Kane Conway & Wise,

26    LLP moved to withdraw its representation of MDL ID 1384 on the grounds that Plaintiff "failed to

27    establish useful communication with Peiffer Wolf" and "failed to provide Peiffer Wolfe with sufficient

28

4

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

or adequate information to confirm [Plaintiff's] claim." ███, No. 3:24-cv-03441-CRB, ECF 7 at 2. Ex.
11. On February 3, 2025, the Court granted that motion. ███. No. 3:24-cv-03441-CRB, ECF 8 at 1. Ex.
12. In parallel, Plaintiff had also retained Kherker Garcia and filed a duplicate complaint on December
31, 2024. Kherker Garcia set-up an MDL Centrality ("MDLC") profile under MDL ID 2774. Notably,
MDL ID 2774 did not upload a ride receipt but rather a "Uber Ride Information Form" (*see* MDLC Doc.
ID 42135) which stated, in part, that (a) "Plaintiff is not able to provide the ride receipt at this time. Will
supplement if available." (see Question No. 1); (b) provided the date of the ride as "Jan 1 2022" (see
Question No. 3; this also matches the date of the ride receipt produced via MDL ID 1384); and (c) stated
"Will supplement." for the approximate starting address and approximate ending address (see Question
No. 4). Ex. 13. Uber previously identified this Plaintiff in the Receipts Motion as one of the 90 Plaintiffs
that either provided no reason for not submitting a receipt or having provided boilerplate reasons. *See*
ECF 3604. Uber now understands why MDL ID 2774 failed to submit a ride receipt a second time.[2]

**MDL ID 1384**



**MDL ID 2774**



---

[2] MDL ID 1384 ("███") was previously dismissed without prejudice on June 2, 2025 due to the failure by the
plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of their counsel, but
given the seriousness of the conduct at issue the dismissal should be converted to with-prejudice pursuant to Fed. R. Civ. P.
60(b). In addition, the duplicate claim filed as MDL ID 2774 ("███") should also be dismissed with prejudice.

5

### 2.    Additional Receipts Inconsistent with Uber's Formatting

Uber has identified additional receipts submitted by Plaintiffs that are inconsistent with the standard formatting used in Uber's system. The receipt submitted by MDL ID 1507[3] contains several indicators that it was altered. Harrison Decl. 8 – 9; Ex. 3. For example, the receipt does not capitalize street names in the pick-up and drop-off addresses and does not use commas to separate the street name from the city and state. Harrison Decl. 8 § 15-20; Ex. 3. The receipt also contains a reference to "0 hour 0 min" for the trip duration but bona fide Uber receipts do not include "0 hour" for the trip duration. Ex. 8.

**MDL ID 1507 (Ex. 3)**                        **UBER'S FORMATTING (Ex. 8)**

                            

Beyond this, the pick-up ("8:13PM") and drop-off ("8:13PM") times displayed in the produced receipt are also the same for a trip that, even based on the receipt submitted by MDL ID 1507, resulted in travel of 1.3 miles and from one address to another. Harrison Decl. 8 § 2 – 5; Ex. 3.

The receipt submitted by MDL ID 3841[4] includes a timestamp error showing purported payment made over an hour before the alleged ride occurred. Harrison Decl. 12 § 6 – 8; Ex. 4. Regardless of when the ride was requested, the payment timestamp on bona fide receipts is published after the trip is completed. Harrison Decl. § 6 – 8. The receipt also does not use a comma to separate the street name from the city and state in the drop-off location which is expected in bona fide Uber receipts. *Id.* at 12 § 3 – 6.

---

[3] MDL ID 1507 was previously dismissed without prejudice on June 2, 2025 due to the failure by the plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of their counsel but given the seriousness of the conduct at issue the dismissal should be converted to with-prejudice pursuant to Fed. R. Civ. P. 60(b).

[4] MDL ID 3841 uploaded the ride receipt on August 8, 2025. Uber understands that Plaintiff's counsel is attempting to clawback the document reasoning that it was "Uploaded in error." Uber has not received any additional explanation from the Plaintiff and/or Plaintiff's counsel and thus, Uber respectfully requests that the Plaintiff's claim be dismissed with prejudice.

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

**MDL ID 3841 (Ex. 4)**



Another inconsistency exists where the date of the receipt is not justified in accordance with Uber's standard formatting. The receipt submitted by MDL ID 3659 includes an improperly justified date in the top right corner that is contrary to Uber's standard formatting. *Id.* at 11 § 18 – 20; Ex. 5.

**MDL ID 3659 (Ex. 5)**



**Uber's Formatting (Ex. 9)**



7

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1  The receipt submitted by MDL ID 3659 also does not use a comma to separate the street name

2 from the city and state in the drop-off location. Harrison Decl. 11 § 16 – 18; Ex. 5.

3  **MDL ID 3659 (Ex. 5)**



10

III. **ARGUMENT**

11   A. **LIKE THE REQUEST IN UBER'S RECEIPTS MOTION THE COURT SHOULD
12**     **EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO DISMISS THE CLAIMS
     OF PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS.**

13  An additional 6 Plaintiffs included in Exhibit A have not complied with this Court's order to

14 provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" PTO #5, ECF

15 175, ¶ 4; PTO #10, ECF 348, ¶ 2. These Plaintiffs' claims should be dismissed with prejudice.

16  Federal Rule of Civil Procedure 16(f) provides that "the [C]ourt may issue any just orders" when

17 a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(C). Such "just orders"

18 may include, for example, "dismissing the action[.]" Fed. R. Civ. P. 37(b)(2)(A)(v); *Wyle v. R.J.*

19 *Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction

20 of dismissal[.]"). The production of "falsified" discovery in response to a "discovery order" is grounds

21 for dismissal under Rule 37. *Pro. Seminar*, 727 F.2d at 1472-73 (affirming default judgment against

22 defendant that "did not assert that the documents were genuine.").

23  Courts may also impose sanctions as part of their "inherent power to control their dockets,"

24 including their "inherent power to dismiss an action when a party has willfully deceived the court[.]"[5]

25 *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle*, 709 F.2d at

26

  ―――――――――

27 [5] "[D]ismissal sanctions under Rule 37 and a court's inherent powers are similar." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d
 1406, 1412 n.4 (9th Cir. 1990). The Ninth Circuit therefore "use[s] cases involving dismissal under Rule 37 and inherent
28 powers interchangeably." *Id.*

589. "Where 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings'"—such as "fabricat[ing]" evidence during discovery—"[i]t is well settled that dismissal is warranted" under the Court's inherent authority. *IV Sols., Inc. v. Office Depot Emp. Welfare Benefit Plan*, No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, at *14 (C.D. Cal. May 13, 2009) (dismissing action where plaintiff "fabricated an invoice" during discovery) (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)); *see also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 93-17335, 2017 U.S. Dist. LEXIS 24893, at *24 (E.D. Cal. Feb. 21, 2017) (plaintiffs "falsified documents to respond to discovery requests," which demonstrate "bad faith and . . . willful abuse of the judicial process and support the issuance of terminating sanctions."); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1176, 1179 (10th Cir. 2009) (affirming dismissal where plaintiff "fabricated a number of discovery documents in an effort to win her case.").

Regardless of whether a district court is acting pursuant to Rule 37 or its inherent authority, the Ninth Circuit has held that "[a] district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citation and internal quotations omitted).

Each of the *Malone* factors support dismissal here.

***Public interest and the Court's docket***. The first two factors—"the public's interest in expeditious resolution of litigation" and "the court's need to manage its docket"—both "strongly support the court's dismissal" of the claims of Plaintiffs who deliberately fail to comply with court orders or engage in fraudulent discovery. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226, 1240 (9th Cir. 2006). "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs' failure to comply honestly with their court ordered discovery obligations has also consumed scarce judicial time and resources in a litigation with thousands of plaintiffs. "Sound management of the court's docket also

9

counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *Id.* at 1234.

Deterrence is especially important here. There are now more than 2,500 Plaintiffs in this proceeding, resulting in part from aggressive online advertising from plaintiffs' counsel, such as the ad promising "Significant Compensation" with "No Paperwork" and "No Hassle." Available at https://www.rideshareassaultjustice.com/. Prospective plaintiffs need to understand there is a consequence for alteration of evidence, and that doing so will not result in monetary compensation.

*Prejudice*. Courts "examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Here, Plaintiffs' fabrication of receipts means that Uber has "been forced to defend this case from the outset – despite its basis in fraud," which is the paradigmatic form of prejudice. *See IV Sols.*, 2009 U.S. Dist. LEXIS 133650, at *20; *see also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005) (filing claims based on false diagnoses forced defendants to "pay significant costs litigating meritless claims.") This misconduct also calls into question the "veracity" of all of these Plaintiffs' other discovery responses, which will require Uber to "attempt independent corroboration of each submission, at substantial expense or time and money, or to accept the real possibility that those discovery documents . . . are inaccurate." *Garcia*, 569 F.3d at 1180 (submission of falsified evidence substantially prejudices an opposing party). Moreover, allowing these claims to proceed would also prejudice the rights of claimants who have complied with their discovery obligations and undermine their "full and meaningful access to the courts." *In re Silica*, 398 F. Supp. 2d at 636; *see also In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) (explaining that non-bona-fide lawsuits "hamper the resolution of meritorious claims by real plaintiffs.").

*Public policy*. Where Plaintiffs have "purposefully and defiantly violated a court order"—in this case, by submitting non-bona-fide receipts—"it is unnecessary … to discuss why alternatives to dismissal are infeasible." *Malone*, 833 F.2d at 132. Nor is any further warning to Plaintiffs necessary. There is no concern that the receipts at issue were somehow generated in good faith by unsophisticated people. For example, in the case of receipts altered utilizing bona fide Uber receipts, it takes a level of

10

sophistication and consciousness of wrong-doing to know how to edit certain aspects of an image (even if doing so on a mobile device like an Apple iPhone). Dismissal is thus very strongly in the public interest.

*Availability of lesser sanctions*. "It is difficult to conceive an act of misconduct graver than the outright fabrication of evidence that Plaintiffs here undertook[.]" *IV Sols.*, 2009 U.S. Dist. LEXIS 133650, at *23. Such actions "demonstrate bad faith and Plaintiffs' willful abuse of the judicial process and support the issuance of terminating sanctions." *Singh*, 2017 U.S. Dist. LEXIS 24893, at *24. Lesser sanctions would not sufficiently compensate Uber for having to defend against these claims. Nor would lesser sanctions deter other current (or potential) Plaintiffs from engaging in similar conduct.

For these reasons, the Court should enter Uber's proposed order attached as Exhibit A, requiring the 6 Plaintiffs listed above to show cause why their claims should not be dismissed with prejudice.

## IV.    CONCLUSION

Uber respectfully requests that the Court enter the order attached as Exhibit A requiring the Plaintiffs listed to show cause why their claims should not be dismissed with prejudice.

11

1    DATED:  August 28, 2025                    Respectfully submitted,

2
                                                /s/ Laura Vartain Horn
3                                               Laura Vartain Horn (SBN 258485)
                                                **KIRKLAND & ELLIS LLP**
4                                               555 California Street, Suite 2700
                                                San Francisco, CA 94104
5                                               Telephone: (415) 439-1625
                                                laura.vartain@kirkland.com
6
                                                Allison M. Brown (Admitted *Pro Hac Vice*)
7                                               **KIRKLAND & ELLIS LLP**
                                                2005 Market Street, Suite 1000
8                                               Philadelphia, PA 19103
                                                Telephone: (215) 268-5000
9                                               alli.brown@kirkland.com

10                                              Jessica Davidson (Admitted *Pro Hac Vice*)
                                                **KIRKLAND & ELLIS LLP**
11                                              601 Lexington Avenue
                                                New York, NY 10022
12                                              Telephone: (212) 446-4800
                                                jessica.davidson@kirkland.com
13
                                                SABRINA H. STRONG (SBN: 200292)
14                                              sstrong@omm.com
                                                JONATHAN SCHNELLER (SBN: 291288)
15                                              jschneller@omm.com
                                                **O'MELVENY & MYERS LLP**
16                                              400 South Hope Street, 19th Floor
                                                Los Angeles, CA 90071
17                                              Telephone: (213) 430-6000
                                                Facsimile: (213) 430-6407
18
                                                PATRICK L. OOT, JR. (*Pro Hac Vice*)
19                                              oot@shb.com
                                                **SHOOK, HARDY & BACON, LLP**
20                                              1800 K Street NW, 10th Floor
                                                Washington, DC 20006
21                                              Telephone: (202) 783-8400
                                                Facsimile: (202) 783-4211
22
                                                ALYCIA A. DEGEN (SBN: 211350)
23                                              adegen@shb.com
                                                MICHAEL B. SHORTNACY (SBN: 277035)
24                                              mshortnacy@shb.com
                                                **SHOOK, HARDY & BACON, LLP**
25                                              2121 Avenue of the Stars, Suite 1400
                                                Los Angeles, CA 90067
26                                              Telephone: (424) 285-8330
                                                Facsimile: (424) 204-9093
27
                                                CHRISTOPHER V. COTTON (*Pro Hac*
28
                                                        12

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

*Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that on August 28, 2025, I electronically filed the foregoing document with the

3

Clerk of the Court using the CM/ECF system, which will automatically send notification of the

4

filing to all counsel of record.

5

6

                By: */s/ Laura Vartain Horn*
                    Laura Vartain Horn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A WHO HAVE SUBMITTED NON-BONA-FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE** |
| This Document Relates to: ALL ACTIONS | Re: Dkt. No. 3604 |

Having considered Uber's Motion for Entry of an Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident."

The 21 Plaintiffs listed in Exhibit A have submitted non-bona-fide receipts. Some of these receipts show on their face that they were generated using websites designed for creating receipts, such as Makereceipt.com. Other of these receipts contain math errors, formatting inconsistencies, and other errors. Other receipts submitted by these Plaintiffs were altered from actual receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

Accordingly, the 21 Plaintiffs listed in Exhibit A are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice.

Levin Simes, counsel for Plaintiffs with MDL IDs 1194 and 2350, represents that these two Plaintiffs have "assure[d]" them that "their receipts are authentic." ECF No. 3771 at 2. Uber served Defense Fact Sheets indicating it was not able to validate these receipts. The Court orders that Plaintiffs with MDL IDs 1194 and 2350 be required to: (1) produce native versions of their receipts, in accordance with the parties' agreed upon ESI Protocol (dkt. 524), including all available metadata outlined in Appendix 2; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts.

**IT IS SO ORDERED.**

Dated: <u>    September 9    </u>, 2025



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED

Judge Charles R. Breyer

[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

# EXHIBIT A

| MDL ID | Law Firm |
|--------|----------|
| 2812 | Nachawati Law Group |
| 1914 | Slater Schulman LLP |
| 1194 | Levin Simes LLP |
| 2918 | Nachawati Law Group |
| 3425 | Chaffin Luhana |
| 2723 | Nachawati Law Group |
| 3038 | Chaffin Luhana |
| 3286 | Cutter Law PC |
| 2734 | Walkup, Melodia, Kelly & Schoenberger |
| 2350 | Levin Simes LLP |
| 3078 | Pulaski Law Firm |
| 3422 | Pulaski Law Firm |
| 2959 | Simmons Hanly Conroy |
| 3198 | Pulaski Law Firm |
| 2103 | Cutter Law |
| 3510 | Pulaski Law Firm |
| 3521 | Pulaski Law Firm |
| 3048 | Pulaski Law Firm |
| 3303 | Pulaski Law Firm |
| 3125 | Pulaski Law Firm |
| 3047 | Pulaski Law Firm |

[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

1
2
3

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

4
5
6
7
8
9

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | [PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE |
| This Document Relates to: | |
| ALL ACTIONS | |

10
11
12

Having considered Uber's Motion for Entry of an Order to Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

13
14

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

15

The 6 Plaintiffs listed in Exhibit A1 have submitted non-bona fide receipts.

16
17
18
19
20
21
22

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

23
24
25
26

Accordingly, the 6 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice.  The Plaintiff with MDL ID 2774 should include in their response an explanation for their representation to the Court that the receipt submitted in MDL ID 1384 was from a "prior, unrelated litigation."  ECF 3845 at 2.

27
28

[PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

**IT IS SO ORDERED.**

Dated: __September 22__, 2025



Judge Charles R. Breyer

[PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE
RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

1

# EXHIBIT A1

2

3

| MDL ID | Law Firm |
|---|---|
| 2642 | Pulaski Law Firm |
| 1199 | Levin Simes LLP |
| 1384[1] | Peiffer Wolf |
| 2774[2] | Kherkher Garcia |
| 1507[3] | Nachawati Law Group |
| 3841 | Pulaski Law Firm |
| 3659 | Pulaski Law Firm |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[1] Plaintiff was dismissed without prejudice after the Court granted the withdrawal of counsel (Peiffer Wolf) on February 3, 2025. Plaintiff must show cause why dismissal should not be converted to dismissal with prejudice.

[2] Same Plaintiff as Plaintiff with MDL ID 1384.

[3] Dismissed without prejudice on June 2, 2025 due to the failure by Plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of Nachawati. Plaintiff must show cause why dismissal should not be converted to dismissal with prejudice.

[PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE
RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com
Jessica Davidson (Admitted *Pro Hac Vice*)

Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Uber*

UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**MOTION FOR (1) ENTRY OF AN ORDER TO SHOW CAUSE WHY 7 PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) ALLOWING LIMITED DEPOSITIONS OF TWO PLAINTIFFS REFERENCED HEREIN**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND ..........................................................................................................2

A.    PTO #5 ..........................................................................................................................2

B.    NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS..................2

      1.      Uber Has Identified the Alteration of Additional Actual Receipts.........................3

III.  ARGUMENT ..............................................................................................................14

A.    THE COURT SHOULD EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO
      DISMISS THE CLAIMS OF PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-
      FIDE RECEIPTS. ......................................................................................................14

B.    THE COURT SHOULD ALLOW DEFENDANTS TO TAKE LIMITED AND
      NARROWLY TAILORED DEPOSITIONS OF MDL IDS 3621 AND 3962.................18

IV.   CONCLUSION............................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp. v. Thoeren*,
913 F.2d 1406 (9th Cir. 1990) ...........................................................................15

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
69 F.3d 337 (9th Cir. 1995) ..............................................................................15

*Estate of Arroyo v. Cnty. of San Diego*,
No. 21-cv-1956, 2025 WL 1914399 (S.D. Cal. April 14, 2025) ...........................18

*Barton v. Delfgauw*,
No. 3:21-cv-05610, 2025 WL 814484 (W.D. Wash. March 13, 2025) ...................18

*In re Deepwater Horizon*,
907 F.3d 232 (5th Cir. 2018) .............................................................................17

*Garcia v. Berkshire Life Ins. Co. of Am.*,
569 F.3d 1174 (10th Cir. 2009) .....................................................................15, 17

*Goodyear Tire & Rubber Co. v. Haeger*,
581 U.S. 101 (2017).........................................................................................18

*IV Solutions, Inc. v. Office Depot Emple. Welfare Benefit Plan*,
Case No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13,
2009) .........................................................................................15, 16, 17

*Malone v. U.S. Postal Serv.*,
833 F.2d 128 (9th Cir. 1987) .......................................................................16, 17

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) ...........................................................................16

*Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*,
727 F.2d 1470 (9th Cir. 1984) .......................................................................1, 15

*In re Silica Prods. Liab. Litig.*,
398 F. Supp. 2d 563 (S.D. Tex. 2005) ................................................................17

*Singh v. Hancock Natural Res. Grp., Inc.*,
Case No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb. 21,
2017) .........................................................................................15, 17

*Thompson v. Hous. Auth. of City of Los Angeles*,
782 F.2d 829 (9th Cir. 1986) ............................................................................15

*Wood v. Cnty. of Los Angeles*,
    No. 16-cv-7451, 2018 WL 6332275 (C.D. Cal. May 16, 2018)...............................................18

*Wyle v. R.J. Reynolds Indus., Inc.*,
    709 F.2d 585 (9th Cir. 1983) ..................................................................................................15

*In re Yasmin, and Yaz (Drospirenone) Marketing, Sales Practices and Products Liab.
    Litig.*,
    No. 3:09-md-02100-DRH-PMF, 2011 WL 3035087 (S.D. Ill. July 25, 2011) .....................18

*Yourish v. Cal. Amplifier*,
    191 F.3d 983 (9th Cir. 1999) ..................................................................................................16

**Rules**

Fed. R. Civ. P. 16(f)......................................................................................................................15

Fed. R. Civ. P. 16(f)(C).................................................................................................................15

Fed. R. Civ. P. 37 ..........................................................................................................................15

Fed. R. Civ. P. 37(b)(2)(A)(v) ......................................................................................................15

Fed. R. Civ. P. 37(b)(2)(C) .............................................................................................................1

**Other Authorities**

https://www.rideshareassaultjustice.com/ .....................................................................................16

L.A. TIMES (Oct. 2, 2025), https://www.latimes.com/california/story/2025-10-
    02/settlement-story-ab218-sex-abuse ...............................................................................2, 16

iii

## I.    INTRODUCTION

In response to Uber's first Fraud Motion, Plaintiffs' Leadership stated in a brief filed on August 27, 2025 that "fraud has no place in the MDL." ECF 3768. Unfortunately, these statements by Plaintiffs' Leadership have not been backed by action by other Plaintiffs' Counsel in the MDL. To this day, Plaintiffs' attorneys continue to submit fraudulent receipts provided by their clients.

Uber has discovered that at least 7 additional Plaintiffs have submitted non-bona fide receipts to support their lawsuits. 4 out of 7 Plaintiffs filed their lawsuit and submitted a non-bona fide receipt *after* Uber filed its First Fraudulent Receipts Motion on July 30, 2025 (ECF 3604). Even more surprisingly, of those 4 Plaintiffs, *3 out of 4* Plaintiffs filed their lawsuit and *submitted a non-bona fide receipt after Plaintiffs' Leadership stated that "fraud has no place in this MDL."* ECF 3768.

Uber respectfully moves for an order to show cause why the claims of these 7 Plaintiffs who have submitted non-bona fide receipts should not be dismissed with prejudice. *See* Exhibit A. Moreover, in light of the apparently coordinated use of bona-fide Uber receipts as the basis for Plaintiffs' PTO #5 submissions, Uber respectfully moves for an order to allow Uber to conduct targeted depositions of Plaintiffs with MDL IDs 3621 and 3962. Uber has a good-faith basis for its concern that there may be a larger issue with third parties working with Plaintiffs to commit fraud in this litigation. Thus, Uber seeks a 3-hour deposition of these Plaintiffs on the topics of how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here.

As the Ninth Circuit has recognized, dismissal of claims is warranted where a party, "[p]ursuant to a discovery order," "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *See Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984) (upholding dismissal under Fed. R. Civ. P. 37(b)(2)(C) where "[p]ursuant to a discovery order, [a party] produced documents" that were "falsified," including "photocopies of checks," without holding an evidentiary hearing). This relief is consistent with the Court's two prior orders on the issue of submission of fraudulent receipts. ECF 3876 and 3972.

## II.    BACKGROUND

### A.    PTO #5

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident." PTO #5, ECF 175, ¶ 4; *see also* PTO #10, ECF 348, ¶ 2.

### B.    NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS

At least an additional 7 Plaintiffs listed in Exhibit A1 have violated the Court's Order by submitting receipts that are non-bona fide. 4 Plaintiffs are represented by law firms included in Uber's First (Pulaski Law Firm, PLLC) and Second (Pulaski Law Firm, PLLC and Peiffer Wolf Carr Kane Conway & Wise) Fraudulent Receipts Motions. ECF 3604 and 3784. Based on these recent filings, it is clear that Plaintiffs' counsel have not implemented additional processes to vet their clients' allegations and/or detect fraudulent behavior prior to the filing of additional lawsuits. These processes are particularly important to prevent fraud where, as here, mass tort cases are brought "through social media campaigns promising payouts and privacy." Rebecca Ellis, *In the biggest sex abuse settlement in U.S. history, some claim they were paid to sue*, L.A. TIMES (Oct. 2, 2025), https://www.latimes.com/california/story/2025-10-02/settlement-story-ab218-sex-abuse.[1] These fundamental case intake measures are crucial at a time when so many cases filed in mass torts are unsupported, involve manufactured or exaggerated injuries, or stem from outright fraud.

Since July 30, 2025 (*i.e.*, the filing of Uber's First Fraudulent Receipts Motion), Plaintiffs have submitted at least 4 additional fraudulent receipts. There are likely to be additional such Plaintiffs moving forward, including but not limited to Plaintiffs who purchased the "Pro" or "Enterprise" membership from Makereceipt.com (discussed in Uber's Receipts Motion), which makes receipt alteration more difficult to

---

[1] This article primarily discusses Downtown LA Law Group, which has not filed cases on behalf of any clients in this MDL. Downtown LA Law Group has filed 13 claims in the coordinated JCCP proceeding.  The article also discusses Slater Slater Schulman's "pattern of 'irregularities' and 'procedural and factual problems' among its plaintiffs" in its "avalanche of sex abuse cases against the Boy Scouts of America." *See* Rebecca Ellis, *In the biggest sex abuse settlement in U.S. history, some claim they were paid to sue*, L.A. TIMES (Oct. 2, 2025), https://www.latimes.com/california/story/2025-10-02/settlement-story-ab218-sex-abuse.  Beyond this, Slater Slater Schulman has filed 58 cases in this MDL and 14 in the JCCP and previously represented a Plaintiff (MDL ID 1914) that is currently subject to Uber's First Fraudulent Receipts Motions. ECF 3604.

2

detect. The present motion addresses only those that Uber has been able to identify through its manual line-by-line review process thus far, but adds to the growing population already subject to a Motion.

### 1.     Uber Has Identified the Alteration of Additional Actual Receipts

The below is a version of the original receipt identified by Uber for an actual ride that occurred on November 9, 2023 not September 20, 2023 as Plaintiff with MDL ID 3962 alleges. Cotton Decl.. Ex. 1.

**Real Receipt (Cotton, Decl. Ex. 1[2])**



The version of the receipt produced in the litigation was altered to match the allegations made by Plaintiff with MDL ID 3962. Specifically, the name of the rider was changed from " ██ " (as it appears in Uber's system) to " ██ " (as it appears in the fraudulent receipt), the date on the ride receipt was changed from "November 9, 2023" to "September 20, 2023", and the "3" in "2023" is cut-off. Harrison Decl. at 8, § 12 – 24; Exs. 1-2. Further, the PTO #5 submission includes a timestamp error showing purported payment made before the alleged ride occurred. Harrison Decl. at 8, § 19 – 20; Ex. 2. Regardless of when the ride was requested, the payment timestamp on bona fide receipts is published after the trip is completed. Further, and most telling of the fraudulent nature of this receipt, the Trip ID in MDL ID 3962's

---

[2] References to exhibits in the Cotton Declaration will be marked by exhibit number.

PTO #5 submission matches that of the bona-fide receipt (in Uber's system) *and* the PTO #5 submission for an entirely different MDL ID (3286). Harrison Decl. at 8, § 15 – 17; Ex. 2. The real receipt (as reflected in Uber's system) and associated Trip ID is now the basis of *two* fraudulent receipts in the above captioned litigation – one of which (MDL ID 3286) is already subject to the Court's Order to Show Cause issued on September 9, 2025. ECF 3876. Based on this, MDL ID 3962 should also be ordered to show cause.

### MDL ID 3962 (Ex. 2)



### Real Receipt (Ex. 1)                     MDL ID 3286 (Ex. 2)

The below is a version of the original receipt identified by Uber for an actual ride that occurred on August 30, 2023 not on August 16, 2023 as the Plaintiff with MDL ID 3666 alleges. Ex. 4.

**Real Receipt (Ex. 4)**




The version of the receipt production in the litigation was altered to match the allegations made by Plaintiff with MDL ID 3666. Specifically, the date on the ride receipt was changed from "August 30, 2023" to "August 16, 2023". Harrison Decl. at 4, § 8. In addition, there are three stray black lines under the total of $38.91, the presence of a white line above the altered date of August 16, 2023, and use of a dollar sign character ($) that is inconsistent with Uber's standard formatting. *Id.* at 4, § 1 – 19; Ex. 5.

**MDL ID 3666 (Ex. 5)**



MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1    The below is a version of the original receipt identified by Uber for an actual ride that occurred on

2  August 31, 2024 with an actual rider ("███████"). Ex. 6.

3      **Real Receipt (Ex. 6)**

4

5

6

7

8

9

10

11

12



13

14

15

16

17

18

19

20    The version of the receipt production in the litigation was altered to match the allegations made by

21  Plaintiff with MDL ID 3699. Specifically, the name of the rider was changed from "███████" to "███████".

22  Harrison Decl. at 4, § 27; Ex. 7. All other details within the ride receipt remain the same.

23

24

25

26

27

28

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

**MDL ID 3699 (Ex. 7)**



Further, MDL ID 3699 appears to have *received* a copy of this non-bona fide receipt via text message (SMS) as indicated via her PTO #5 submission. Ex. 7.

**MDL ID 3699**



7

The below is a version of the original receipt identified by Uber for an actual ride that occurred on July 29, 2023, with a rider named "███████". Ex. 8. Another lawsuit was filed and a receipt was submitted by the Plaintiff with MDL ID 3621 ("███████████") on June 26, 2025. Ex. 9.

**Real Receipt (Ex. 8)**                    **MDL ID 3621 (Ex. 9)**



The receipt submitted by MDL ID 3787 in the litigation was altered as compared to another receipt that appears in Uber's system. Specifically, the name of the rider was changed from "███████" to "███████". Harrison Decl. at 5, § 18 – 19; Ex. 10. All other details within the ride receipt remain the same, including, e.g., the form of payment (i.e., the last four digits of the credit card), driver, and trip duration.

**MDL ID 3787 (Ex. 10)**



Further, the receipt previously submitted by MDL ID 3621 shares similar visual elements to the receipt submitted by MDL ID 3787. Specifically, the cell phone (Apple iOS) user interface in both submissions share identical timestamps ("6:26"), call length ("10m"), Wi-Fi strength, and battery life, indicating that the screenshots for both PTO #5 submissions were likely captured at the same time.

**MDL ID 3621 (Ex. 9)**                    **MDL ID 3787 (Ex. 10)**



The below is the original receipt identified by Uber for an actual ride that occurred on May 25, 2024, with an actual rider ("_____"). Ex. 11. This version includes the $3 tip provided by _____.

**Real Receipt (Ex. 11)**



MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

The version submitted by MDL ID 3877 in this litigation was altered to match the allegations made by Plaintiff with MDL ID 3877. Specifically, the name of the rider was changed from "████████" to "████" and the month was changed from "May" to "August". Harrison Decl. at 6, § 14 – 25; Ex. 12.

**MDL ID 3877 (Ex. 12)**



The below is the original receipt identified by Uber for an actual ride that occurred on May 29, 2024, with an actual rider ("████"). Ex. 13. The unique Trip ID is included at the bottom.

11

May 29, 2024

**Thanks for being an Uber One member,**

**Total**                    **$25.92**

You earned $1.50 Uber Cash with Uber One

| Trip fare | $10.44 |
|---|---|
| Subtotal | $10.44 |
| Booking Fee | $14.84 |
| City of New Orleans per trip fee | $0.50 |
| State Assessment Fee | $0.14 |

**Payments**

| Uber Cash | $0.33 |
|---|---|
| 5/29/24 4:13 PM | |
| Apple Pay Visa ··· | $25.59 |
| 5/29/24 4:13 PM | |

The version submitted by MDL ID 3977 in this litigation was altered to match the allegations made by Plaintiff with MDL ID 3977. Specifically, the name of the rider was changed from " " to " ", the date of the ride was changed from "May 29, 2024" to "September 29, 2024", and the PTO #5 submission includes a timestamp error showing purported payment made before the alleged ride occurred. Harrison Decl. at 9, § 10 – 23; Ex. 14. Regardless of when the ride was requested, the payment

12

timestamp on bona fide receipts is published after the trip is completed. Further, and most telling of the fraudulent nature of the receipt, the Trip ID in MDL ID 3977's PTO #5 submission matches that of the Trip ID contained in the bona-fide receipt. Harrison Decl. at 9, § 13 – 15; Ex. 14.

### MDL ID 3977 (Ex. 14)




Uber has also identified an additional receipt submitted by a Plaintiff that is inconsistent with the standard formatting used in Uber's system. Exhibit A1. Specifically, the receipt submitted by MDL ID 3921 contains several indicators that it was altered or fabricated altogether. Harrison Decl. at 7, § 13 – 24; Exhibit 15. For example, the font weight and text spacing are anomalous throughout the receipt (i.e., bold font, font type, font spacing), the trip duration is displayed as "21 mins" not "21 min" as expected within bona fide receipts, and the "Visit the trip page…" statement is indented rather than left-justified as expected within bona fide receipts. Harrison Decl. at 7, § 13 – 24; Ex. 15. Further, the receipt submitted

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

by MDL ID 3921 includes a timestamp error showing purported payment made before the alleged ride occurred. Harrison Decl. at 7, § 20 – 21; Ex. 15. Regardless of when the ride was requested, the payment timestamp on bona fide receipts is published after the trip is completed.

**MDL ID 3921 (Ex. 15)**



## III.    ARGUMENT

### A.    THE COURT SHOULD EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO DISMISS THE CLAIMS OF PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS.

An additional 7 Plaintiffs included in Exhibit A1 have not complied with this Court's order to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident." PTO #5, ECF 175, ¶ 4; PTO #10, ECF 348, ¶ 2. These Plaintiffs' claims should be dismissed with prejudice.

Rule 16(f) provides that "the [C]ourt may issue any just orders" when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(C). Such "just orders" may include, for example, "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction of dismissal."). The production of "falsified" discovery in response to a "discovery order" is grounds for dismissal under Rule 37. *Pro. Seminar Consultants, Inc.*, 727 F.2d at 1472 (affirming default judgment against defendant that "did not assert that the documents were genuine"). Courts may impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court."[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle, Inc.*, 709 F.2d at 589. "Where a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings'—such as "fabricat[ing]" evidence during discovery— '[i]t is well settled that dismissal is warranted" under the Court's inherent authority. *IV Solutions, Inc. v. Office Depot Emple. Welfare Benefit Plan*, Case No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, *14 (C.D. Cal. May 13, 2009) (dismissing action where plaintiff "fabricated an invoice" during discovery) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)); *see also, e.g.*, *Singh v. Hancock Natural Res. Grp., Inc.*, Case No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893, *24 (E.D. Cal. Feb. 21, 2017) (plaintiffs "falsified documents to respond to discovery requests," which "demonstrate "bad faith and . . . willful abuse of the judicial process and support the issuance of terminating sanctions"); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1176 (10th Cir. 2009) (affirming dismissal where plaintiff "fabricated a number of discovery documents in an effort to win her case.").

Regardless of whether a district court is acting pursuant to Rule 37 or its inherent authority, the Ninth Circuit has held that "[a] district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[3] "[D]ismissal sanctions under Rule 37 and a court's inherent powers are similar." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990). The Ninth Circuit t "use[s] cases involving dismissal under Rule 37 and inherent powers interchangeably." *Id.*

1  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v.*

2  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotations omitted).

3        Each of the *Malone* factors support dismissal with prejudice here.

4        ***Public interest and the Court's docket***. The first two factors— "the public's interest in expeditious

5  resolution of litigation" and "the court's need to manage its docket"—both "strongly support the court's

6  dismissal" of the claims of Plaintiffs who deliberately fail to comply with court orders or engage in

7  fraudulent discovery. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1247 (9th Cir.

8  2006). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v.*

9  *Cal. Amplifie*r, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs' failure to comply honestly with their

10  discovery obligations or even conduct the most basic of investigations has also consumed scarce judicial

11  time and resources. "Sound management of the court's docket also counsels in favor of sanctions as a

12  deterrent to others, particularly in the context of an MDL proceeding where there are thousands of

13  plaintiffs and tag-along cases are continually being added." *Id. at 1234.* Given the already rampant fraud,

14  deterrence is vital here. There are now more than 2,700 Plaintiffs in this proceeding, resulting in part from

15  aggressive online advertising from Plaintiffs' counsel, such as the ad promising "Significant

16  Compensation" with "No Paperwork" and "No Hassle." *See* https://www.rideshareassaultjustice.com/; *see*

17  *also* Rebecca Ellis, *In the biggest sex abuse settlement in U.S. history, some claim they were paid to sue*,

18  L.A. TIMES (Oct. 2, 2025), https://www.latimes.com/california/story/2025-10-02/settlement-story-

19  ab218-sex-abuse. (stating that in Instagram attorney advertisement for L.A. County sex abuse lawsuit, "a

20  representative for the firm's intake department called" a Times reporter who entered their phone number

21  in the ad "more than 38 times"). Prospective plaintiffs need to understand there is a consequence for

22  falsifying evidence and that doing so will not result in monetary compensation.

23        ***Prejudice***. Courts "examine whether the plaintiff's actions impair the defendant's ability to go to

24  trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Here,

25  Plaintiffs' fabrication (and Plaintiffs' firms' failure to conduct a reasonable investigation) of receipts

26  means that Uber has "been forced to defend this case from the outset – despite its basis in fraud," which

27  is the paradigmatic form of prejudice. *See IV Solutions Inc.*, 2009 U.S. Dist. LEXIS 133650, *20; *see also*

28

16

*In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005) (filing claims based on false diagnoses forced defendants to "pay significant costs litigating meritless claims[.]") This misconduct also calls into question the "veracity" of all of these Plaintiffs' other discovery responses, which will require Uber to "attempt independent corroboration of each submission, at substantial expense or time and money, or to accept the real possibility that those discovery documents . . . are inaccurate." *Garcia*, 569 F.3d at 1180 ("submission of falsified evidence substantially prejudices an opposing party). Allowing these claims to proceed would also prejudice the rights of claimants who have complied with their discovery obligations and undermine their "full and meaningful access to the courts[.]" *In re Silica*, 398 F. Supp. 2d at 636; *see also In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) (explaining that non-bona-fide lawsuits "hamper the resolution of meritorious claims by real plaintiffs").

**Public policy**. Where Plaintiffs have "purposefully and defiantly violated a court order"—in this case, by submitting non-bona-fide receipts— "it is unnecessary … to discuss why alternatives to dismissal are infeasible." *Malone*, 833 F.2d at 132. Nor is any further warning to Plaintiffs necessary. There is no concern that the receipts at issue were somehow generated in good faith by unsophisticated people. For example, in the case of receipts altered utilizing bona-fide Uber receipts, it takes a level of sophistication and consciousness of wrong-doing to know how to edit certain aspects of an image (even if doing so on a mobile device like an Apple iPhone). Dismissal is thus very strongly in the public interest.

**Availability of lesser sanctions**. "It is difficult to conceive an act of misconduct graver than the outright fabrication of evidence that Plaintiffs here undertook[.]" *IV Solutions Inc.*, 2009 U.S. Dist. LEXIS 133650, *23. Such actions "demonstrate bad faith and Plaintiffs' willful abuse of the judicial process and support the issuance of terminating sanctions." *Singh*, 2017 U.S. Dist. LEXIS 24893, *24. Lesser sanctions would not sufficiently compensate Uber for having to defend against these claims. Nor would lesser sanctions deter other current (or potential) Plaintiffs from engaging in similar conduct.

For these reasons, the Court should enter Uber's proposed order attached as Exhibit A, requiring the 7 Plaintiffs listed above to show cause why their claims should not be dismissed with prejudice.

**B.    THE COURT SHOULD ALLOW DEFENDANTS TO TAKE LIMITED AND NARROWLY TAILORED DEPOSITIONS OF MDL IDS 3621 AND 3962.**

In addition, this Court should allow Uber to take limited depositions of Plaintiffs with MDL IDs 3621 and 3962 in light of the use of bona-fide receipts as the basis for Plaintiffs' PTO #5 submissions. Courts have recognized that additional discovery may be an appropriate remedy for violations of court orders. *See, e.g., Estate of Arroyo v. Cnty. of San Diego,* No. 21-cv-1956, 2025 WL 1914399, at \*12 (S.D. Cal. April 14, 2025) (ordering deposition to permit exploration of late-produced evidence); *Barton v. Delfgauw,* No. 3:21-cv-05610, 2025 WL 814484, at \*4 (W.D. Wash. March 13, 2025) (ordering limited discovery after late disclosure of evidence that "call[s] into question the veracity of Plaintiff's claim"); *Wood v. Cnty. of Los Angeles,* No. 16-cv-7451, 2018 WL 6332275, at \*4 (C.D. Cal. May 16, 2018) (ordering limited discovery to mitigate prejudice from production violating scheduling order). Given the substantial "questions about the credibility of the information that has been obtained" through the PFS, depositions would be doubly helpful for counsel on both sides to assess the quality of these claims and whether they "should proceed to trial, settlement, or dismissal." *In re Yasmin, and Yaz (Drospirenone) Marketing, Sales Practices and Products Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2011 WL 3035087, at \*3 (S.D. Ill. July 25, 2011). Courts and litigants alike have reason to be concerned about potential fraud in the discovery process and to explore whether a plaintiff has "initiate[d] a case in complete bad faith." *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 110 (2017). Ordering limited depositions of just these 2 Plaintiffs with non-bona fide receipts based on their coordination with an MDL Plaintiff (MDL ID 3621) and a non-party (whose receipt is also the basis of another fraudulent receipt) to create their PTO #5 submissions would help safeguard the credibility of Plaintiffs' allegations without substantial inconvenience or expense.

## IV.    CONCLUSION

Uber respectfully requests that the Court (1) enter the order attached as Exhibit A requiring the Plaintiffs listed to show cause why their claims should not be dismissed with prejudice; and (2) enter the order attached as Exhibit A allowing for limited depositions of Plaintiffs with MDL IDs 3621 and 3962.

18

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

DATED:  October 13, 2025                    Respectfully submitted,

*/s/ Laura Vartain Horn*

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1    Laura Vartain Horn (SBN 258485)
     **KIRKLAND & ELLIS LLP**
2    555 California Street, Suite 2700
     San Francisco, CA 94104
3    Telephone: (415) 439-1625
     laura.vartain@kirkland.com
4

5    Jessica Davidson (Admitted *Pro Hac Vice*)
     Christopher D. Cox (Admitted *Pro Hac Vice*)
6    **KIRKLAND & ELLIS LLP**
     601 Lexington Avenue
7    New York, NY 10022
     Telephone: (212) 446-4800
8    jessica.davidson@kirkland.com
     christopher.cox@kirkland.com
9

10   Allison M. Brown (Admitted *Pro Hac Vice*)
     **KIRKLAND & ELLIS LLP**
11   2005 Market Street, Suite 1000
     Philadelphia, PA 19103
12   Telephone: (215) 268-5000
     alli.brown@kirkland.com
13

14   SABRINA H. STRONG (SBN: 200292)
     sstrong@omm.com
15   JONATHAN SCHNELLER (SBN: 291288)
     jschneller@omm.com
16   **O'MELVENY & MYERS LLP**
     400 South Hope Street, 19th Floor
17   Los Angeles, CA 90071
     Telephone: (213) 430-6000
18   Facsimile: (213) 430-6407

19

20   PATRICK L. OOT (*Pro Hac Vice*)
     oot@shb.com
21   **SHOOK, HARDY & BACON, LLP**
     1800 K Street NW, 10th Floor
22   Washington, DC 20006
     Telephone: (202) 783-8400
23   Facsimile: (202) 783-4211

24   ALYCIA A. DEGEN (SBN: 211350)
     adegen@shb.com
25   MICHAEL B. SHORTNACY (SBN: 277035)
     mshortnacy@shb.com
26   **SHOOK, HARDY & BACON, LLP**
27
28

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (*Admitted Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE AND LIMITED DEPOSITIONS**<br><br>Judge:     Honorable Charles R. Breyer<br>Date:      December 12, 2025<br>Time:      10:00 a.m.<br>Courtroom: 6 – 17th Floor |

# <u>TABLE OF CONTENTS</u>

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

*Adams v. Sotelo,*
 No. 3:16-cv-02161, 2018 WL 3019928 (S.D. Cal. June 18, 2018) ...........................................6

5

6

*Adriana Int'l Corp. v. Thoeren,*
 913 F.2d 1406 (9th Cir. 1990) ...........................................1

7

*Al Otro Lado, Inc. v. Wolf,*
 No. 3:17-cv-02366, 2020 WL 4336064 (S.D. Cal. July 27, 2020)............................................7

8

9

*Allen v. Lizarraga,*
 No. 5:15-cv-04387, 2018 WL 3956207 (N.D. Cal. Aug. 17, 2018)............................................3

10

11

*Estate of Arroyo v. Cnty. of San Diego,*
 No. 21-cv-1956, 2025 WL 1914399 (S.D. Cal. Apr. 14, 2025) ............................................2, 6

12

13

*Barton v. Delfgauw,*
 No. 3:21-cv-05610, 2025 WL 814484 (W.D. Wash. Mar. 13, 2025).......................................6

14

*Blumenkron v. Multnomah Cnty.,*
 91 F.4th 1303 (9th Cir. 2024) ...........................................3

15

16

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
 No. 07-cv-5944, 2016 WL 11505721 (N.D. Cal. March 9, 2016)............................................7

17

18

*DeCastro v. McKnight,*
 No. 2:24-cv-435, 2025 WL 2431688 (D. Nev. Aug. 21, 2025)............................................7

19

*Garcia v. Berkshire Life Ins. Co. of Am.,*
 569 F.3d 1174 (10th Cir. 2009) ...........................................1

20

21

*George v. United States,*
 901 F. Supp. 2d 1179 (N.D. Cal. 2012) ...........................................2

22

23

*Hager v. Arioso Diagnostics, Inc.,*
 No. 23-mc-80261, 2023 WL 8654388 (N.D. Cal. Dec. 14, 2023) ...........................................7

24

*Hughes v. Rodriguez,*
 31 F.4th 1211 (9th Cir. 2022) ...........................................3

25

26

*IV Solutions, Inc. v. Office Depot Emple. Welfare Benefit Plan,*
 No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13,
 2009) ...........................................1

27

28

ii

*M&F Fishing, Inc. v. Certain Underwriters at Lloyds,*
No. 06-cv-0934, 2007 WL 9706491 (S.D. Cal. April 13, 2007) ...............................................7

*McKinney v. Corsair Gaming, Inc.,*
646 F. Supp. 3d 1133 (N.D. Cal. 2022) ...............................................3

*Pro Seminar Consultants, Inc. v. Sina Am. Tech. Exch. Council, Inc.,*
727 F.2d 1470 (9th Cir. 1984) ...............................................1

*Shammam v. Am. Honda Fin. Corp.,*
No. 3:24-cv-00648, 2025 WL 2816791 (S.D. Cal. Sep. 25, 2025)...............................................7

*Singh v. Hancock Nat. Res. Grp., Inc.,*
No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb. 21,
2017) ...............................................1

*Soto v. United Airlines Inc.,*
No. 24-cv-03045, 2024 WL 3996068 (N.D. Cal. Aug. 28, 2024) ...............................................4

*Sotoodeh v. City of S. El-Monte,*
No. 24-3848, 2025 WL 1409493 (9th Cir. May 15, 2025)...............................................2

*Spears v. Baldwin Park Unified Sch. Dist.,*
No. 24-1428, 2025 WL 2028305 (9th Cir. July 21, 2025)...............................................1, 2

*Thompson v. Hous. Auth. of City of Los Angeles,*
782 F.2d 829 (9th Cir. 1986) (per curiam)...............................................1

*Twins Special Co., Ltd. v. Twins Special, LLC,*
No. 23-cv-223, 2025 WL 1292528 (S.D. Cal. May 5, 2025) ...............................................6

*United States v. Graf,*
610 F.3d 1148 (9th Cir. 2010) ...............................................3

*United States v. Holmes,*
129 F.4th 636 (9th Cir. 2025) ...............................................4

*United States v. Wenger,*
No. 23-cr-00268, 2025 WL 256988 (N.D. Cal. Jan. 17, 2025) ...............................................3

*Universal Dyeing & Printing, Inc. v. Zoetop Business Co., Ltd.,*
No. 22-cv-3741, 2023 WL 9004983 (C.D. Cal. June 23, 2024)...............................................7

*Waterkeeper All. v. U.S. EPA,*
140 F.4th 1193 (9th Cir. 2025) ...............................................2, 3

**Rules**

Fed. R. Civ. P. 37...............................................1

Fed. R. Civ. P. 41 ...................................................................................................................2

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS
Case No. 3:23-MD-3084-CRB

## INTRODUCTION

In their Motion, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber" or "Defendants") provided evidence, including forensic analysis, that the Plaintiffs at issue had submitted non-bona fide receipts. ECF 4137. Specifically, Uber demonstrated that several of these Plaintiffs submitted ride receipts that showed signs of having been altered from bona fide receipts in Uber's system from other rides and riders. *Id.* at 3–13. Another produced a ride receipt that was formatted in a way that was inconsistent with the standard formatting used in Uber's system. *Id.* at 13–14. None of Plaintiffs' responses deny the alleged fraud. The submission of falsified discovery is grounds for an order to show cause why plaintiffs should not be dismissed *with* prejudice under Federal Rule of Civil Procedure 37. *Pro Seminar Consultants, Inc. v. Sina Am. Tech. Exch. Council, Inc.,* 727 F.2d 1470, 1474 (9th Cir. 1984).

The nature of Plaintiffs' fraud, the prejudice to Uber, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).[1] Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."); *IV Solutions, Inc. v. Office Depot Emple. Welfare Benefit Plan*, No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, at *14 & *26 (C.D. Cal. May 13, 2009); *see also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893, at *24 (E.D. Cal. Feb. 21, 2017); *Garcia v. Berkshire Life Ins. Co. of Am*., 569 F.3d 1174, 1176 (10th Cir. 2009).

One of the seven Plaintiffs who was identified in Uber's Motion (Plaintiff A.G.) failed to file a response to that motion and therefore should be deemed to have consented to the relief Uber sought. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Five other Plaintiffs filed responses but made only the conclusory assertion that Uber's Motion

---

[1] In their responses, none of the Plaintiffs subject to Uber's Motion addressed any of the five factors identified in cases like *Adriana* as bearing on whether a court should dismiss with prejudice under Federal Rule of Civil Procedure 37. ECF 4244; ECF 4248. In light of that, Uber does not repeat its analysis of those factors here, but rests on its earlier briefing. ECF 4137 at 14–17.

should be denied. ECF 4244; ECF 4248. They did not raise any arguments that their receipts were not fraudulent or otherwise make a case for why they should not be ordered to show cause; nor did they cite any legal authority. These five Plaintiffs, too, have waived any substantive arguments against the relief Uber seeks. Accordingly, Uber's motion should be granted. *See Waterkeeper All. v. U.S. EPA,* 140 F.4th 1193, 1213 (9th Cir. 2025). As discussed in Section III, the remaining Plaintiff subject to Uber's motion responded by submitting another fraudulent receipt via MDL Centrality. The Court should grant Uber's request to depose this Plaintiff.

Finally, two Plaintiffs whose limited depositions Uber has requested to explore fraud issues argue, without any details or supporting arguments, that the depositions would be "fishing expedition[s] lacking any relevance" to their claims and "unduly burdensome." ECF 4244; ECF 4248. The requested depositions of Plaintiffs with MDL IDs 3962 and 3621 are wholly relevant to Plaintiffs' claims and the evidence of fraud therein as well as to the issue of whether others are assisting them (and/or other plaintiffs like them) in committing fraud. Uber's requested relief imposes no burden that these Plaintiffs have not agreed to undertake by choosing to file their complaints. *See Estate of Arroyo v. Cnty. of San Diego,* No. 21-cv-1956, 2025 WL 1914399, at *12 (S.D. Cal. Apr. 14, 2025).

Like Uber's prior motions for orders to show cause why plaintiffs should not be dismissed for submitting fraudulent receipts, ECF 3876; ECF 3972, Uber's current motion should be granted.

## **ARGUMENT**

### **I.      Plaintiff A.G. has not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

Peiffer Wolf Carr Kane Conway & Wise (Peiffer"), representing the Plaintiff in *A.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07373-CRB, did not file a response in opposition to Uber's Motion. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F. Supp. 2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted under Rule 41. *Sotoodeh v. City of S. El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because A.G. failed to timely oppose Uber's Motion, the motion should be granted as to A.G.

1

2

**II.    Five other Plaintiffs have failed to make substantive arguments or cite legal authority in opposition to Uber's Motion and should therefore be deemed to have waived any challenge to the relief sought.**

3

Pulaski Kherkher, PLLC and Reich and Binstock, LLP filed "responses" on behalf of their

4

clients, but did not include any supporting arguments or citations as to five of those clients: P.T., S.W.,

5

A.E., A.D., and K.H. ECF 4244; ECF 4248. Both briefs are only one paragraph long and state the

6

conclusion that this Court should deny Uber's motion without any explanation as to why. ECF 4244;

7

ECF 4248. These purported oppositions do not argue that Plaintiffs did not commit fraud or cite

8

authority suggesting that potential discovery fraud is not serious or should not result in a show-cause

9

order. ECF 4244; ECF 4248. It is well established that courts "will generally not consider . . .

10

arguments that are not meaningfully developed." *Waterkeeper All.,* 140 F.4th at 1213; *see also United*

11

*States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported

12

by citations to the record or to case authority are generally deemed waived."); *United States v. Wenger,*

13

No. 23-cr-00268, 2025 WL 256988, at *11 (N.D. Cal. Jan. 17, 2025) (argument waived through failure

14

to point to evidence or provide citations to the record). Indeed, parties can be deemed to have

15

"abandoned" claims or arguments that they fail to sufficiently develop. *Blumenkron v. Multnomah*

16

*Cnty.,* 91 F.4th 1303, 1318 (9th Cir. 2024); *see also Hughes v. Rodriguez,* 31 F.4th 1211, 1224 (9th

17

Cir. 2022) (claims waived where party failed to "include his 'contentions and the reasons for them,

18

with citations to the authorities and parts of the record on which [he] relie[d]'"); *Allen v. Lizarraga,*

19

No. 5:15-cv-04387, 2018 WL 3956207, at *18 (N.D. Cal. Aug. 17, 2018) (claim "effectively waived"

20

where party "provide[d] no arguments to support" it). Because Plaintiffs P.T., S.W., A.E., A.D., and

21

K.H. have waived any opposition to Uber's arguments in the Motion by failing to specifically respond

22

to them, Uber's Motion should be granted as to these five Plaintiffs. *See McKinney v. Corsair Gaming,*

23

*Inc.,* 646 F. Supp. 3d 1133, 1145 (N.D. Cal. 2022) (granting motion to dismiss where Plaintiffs waived

24

their opposition by failing to address argument).

25

**III.    The only Plaintiff that substantively responded to Uber's Motion, R.L., did not argue that the first receipt was bona fide but instead submitted a *second* fraudulent receipt.**

26

In response to Uber's Motion, Pulaski Kherkher argues that "[t]he Court should further deny

27

Defendant's show cause motion with respect to Plaintiff R.L who recently produced a *bona fide* ride

28

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS
Case No. 3:23-MD-3084-CRB

1   receipt via MDL Centrality." ECF 4244 (emphasis in original). The new receipt is not "bona fide," but
2   fraudulent.

3        As set forth in Uber's Motion, Plaintiff R.L. initially submitted a receipt in this litigation that
4   was altered from an original receipt for a different ride that actually took place on August 30, 2025.
5   ECF 4137 at 5. The date on the ride receipt was changed from "August 30, 2023" to "August 16,
6   2023," and the formatting on the submitted receipt was inconsistent with Uber's standard formatting.
7   *Id.* Plaintiff R.L.'s response to Uber's motion does nothing to explain or contradict these indicia of
8   fraud; indeed, it does not even address them. ECF 4244. A response that "contains no explanation as
9   to *why*" the challenged conduct occurred, "fails to acknowledge that [an] error was unacceptable or
10  apologize, and does not reflect any commitment to do better in the future" is "fundamentally
11  inadequate[.]" *Soto v. United Airlines Inc*., No. 24-cv-03045, 2024 WL 3996068, at *1 n.1 (N.D. Cal.
12  Aug. 28, 2024) (emphasis in original). Moreover, the fact that Plaintiff R.L. did not deny that the first
13  receipt was fraudulent—but instead submitted a new receipt—is dispositive. *See United States v.*
14  *Holmes,* 129 F.4th 636, 657 (9th Cir. 2025) (evidence that party took remedial measures was "highly
15  probative" of party's "state of mind" and awareness of problem remedied). If the receipt Plaintiff
16  initially submitted was valid, the logical course would be for her to substantiate its validity, not to
17  remain silent about it and submit a different receipt as support for her filed claim.

18       Worse still, the new receipt Plaintiff R.L. provided via MDL Centrality is also fraudulent. The
19  receipt again shows a ride by ▮▮▮▮ on August 16, 2023 for a total of $38.91. However, the receipt
20  includes an active "Download PDF" link and, when clicked, the link includes the same Trip uuID
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for an August 30, 2023 trip, *not* the fraudulent August 16,
22  2023 trip that Plaintiff now claims in this litigation. Ex. 1; Harrison Decl. 4:1–6:15.

23
24
25
26
27
28

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS
Case No. 3:23-MD-3084-CRB



**Exhibit A: 3666_160574.pdf**

**Uber web server response to requested embedded "Download PDF" URL contained in 3666_160574.pdf**

**Exhibit B: 3666_Real Receipt_Email Version.pdf**

In sum, Plaintiff R.L: (a) does not deny that the first submitted receipt was fraudulent (nor does Plaintiff's response even address Uber's evidence of fraud) and (2) has now doubled down and submitted a second fraudulent receipt. Plaintiff R.L should therefore be ordered to show cause why their claims should not be dismissed with prejudice.

1    **IV.    Depositions of Plaintiffs A.E. and J.H. related to the potential submission of fraudulent receipts are highly relevant and not unduly burdensome. And given their new fraudulent receipt submitted in this litigation, a deposition of Plaintiff R.L. is warranted.**

2

3            Plaintiffs A.E. (MDL ID 3962) and J.H. (MDL ID 3621) both assert, without citing facts or

4    legal authority in support, that deposing them about the submission of non-bona fide receipts would

5    be "an impermissible fishing expedition lacking any relevance to [their] claims against Defendants."

6    ECF 4244; ECF 4248. They are incorrect. The discovery misconduct that Plaintiffs appear to have

7    committed (MDL ID 3962) or assisted with (MDL ID 3621) relates to "issues [that] are not peripheral"

8    but that "go to [the] underlying questions in this case[,]" specifically whether and how Plaintiffs

9    committed fraud. *Twins Special Co., Ltd. v. Twins Special, LLC,* No. 23-cv-223, 2025 WL 1292528,

10   at *10 (S.D. Cal. May 5, 2025). Moreover, the depositions are needed to determine whether others

11   assisted Plaintiffs in committing fraud. Specifically, and as previously explained in Uber's Motion,

12   the receipt submitted by Plaintiff with MDL ID 3962 includes a Trip uuID that is now the basis of *two*

13   fraudulent receipts in the above captioned litigation—one of which (MDL ID 3286) is already subject

14   to the Court's Order to Show Cause issued on September 9, 2025. ECF 4137 at 3:26–4:25, ECF 3876.

15   That Plaintiff did not respond to the Court's show-cause order. Separately, the receipt submitted by

16   Plaintiff with MDL ID 3787 (which is at issue in this Motion) is similar to the receipt submitted by

17   Plaintiff with MDL ID 3621. Both Plaintiffs with MDL IDs 3787 and 3621 are represented by Pulaski

18   Kherkher, PLLC and thus, the deposition of MDL ID 3621 is needed to determine how MDL ID 3621

19   assisted MDL ID 3787 in committing fraud in this case.

20           Because information about whether Plaintiffs fabricated receipts could "corroborate or

21   undermine Plaintiff[s'] claims in this case," it is highly relevant and warrants further investigation.

22   *Adams v. Sotelo,* No. 3:16-cv-02161, 2018 WL 3019928, at *3 (S.D. Cal. June 18, 2018). As set forth

23   in Uber's Motion, ECF 4137 at 18, courts have repeatedly granted additional limited discovery to

24   investigate potential litigation misconduct like that at issue here. *See, e.g.*, *Estate of Arroyo,* 2025 WL

25   1914399, at *12; *Barton v. Delfgauw,* No. 3:21-cv-05610, 2025 WL 814484, at *4 & *6 (W.D. Wash.

26   Mar. 13, 2025).

27           Plaintiffs' claim that the proposed depositions would be "unduly burdensome" is similarly

28   unpersuasive. ECF 4244; ECF 4248. "The party claiming that a discovery request is unduly

burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Universal Dyeing & Printing, Inc. v. Zoetop Business Co., Ltd.,* No. 22-cv-3741, 2023 WL 9004983, at *8 (C.D. Cal. June 23, 2024) (internal quotations omitted); *see also Al Otro Lado, Inc. v. Wolf,* No. 3:17-cv-02366, 2020 WL 4336064, at *3 (S.D. Cal. July 27, 2020) (permitting deposition where party opposing failed to provide "competent evidence demonstrating the time, expense, burden, or specific, non-speculative harm that will result") (internal quotations omitted). Plaintiffs have provided no specific evidence of burden from these depositions, but only the bare assertion that such a burden exists. Uber seeks only narrowly tailored depositions "not to exceed 3 hours" on limited topics "regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here." ECF 4137-1. Courts have recognized that such tailoring avoids potential burden to the deponent. *See Hager v. Arioso Diagnostics, Inc.,* No. 23-mc-80261, 2023 WL 8654388, at *3 (N.D. Cal. Dec. 14, 2023); *Shammam v. Am. Honda Fin. Corp.,* No. 3:24-cv-00648, 2025 WL 2816791, at *4 (S.D. Cal. Sep. 25, 2025). This Court should permit the limited depositions of MDL IDs 3962 and 3621 that Uber seeks. Further, and in light of Plaintiff R.L.'s submission of a second fraudulent receipt, this Court should permit the limited deposition of Plaintiff with MDL ID 3666. *See M&F Fishing, Inc. v. Certain Underwriters at Lloyds,* No. 06-cv-0934, 2007 WL 9706491, at *1 & *7 (S.D. Cal. April 13, 2007) (permitting deposition as relevant and proper where authenticity of records was at issue). Because R.L.'s second fraudulent submission was made in response to Uber's Motion and thus could not be addressed at the time that Motion was made, it is appropriate for Uber to address that submission for the first time in this Reply. *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 07-cv-5944, 2016 WL 11505721, at *3 (N.D. Cal. March 9, 2016); *DeCastro v. McKnight,* No. 2:24-cv-435, 2025 WL 2431688, at *4 (D. Nev. Aug. 21, 2025) ("New arguments are permitted—indeed expected—in a reply if they are responsive to points or authorities raised in the response . . . ."). A revised proposed Order including the additional deposition is attached as Exhibit C.

## V.    Conclusion

The Plaintiffs subject to this Motion committed (and even now, continue to commit) serious litigation misconduct. Plaintiffs in their oppositions have failed to rebut this evidence of fraud or

7

provide any explanation or excuse. The only Plaintiff to provide any substantive response has not disputed that the first submitted receipt was fraudulent and instead has submitted a second fraudulent receipt. This Court should grant the order requiring Plaintiffs to show cause why their claims should not be dismissed with prejudice and grant the limited depositions that Uber requests.

1    DATED: November 3, 2025                    Respectfully submitted,

2                                               */s/ Laura Vartain Horn*

3                                               Laura Vartain Horn (SBN 258485)
4                                               **KIRKLAND & ELLIS LLP**
                                                555 California Street, Suite 2700
5                                               San Francisco, CA 94104
                                                Telephone: (415) 439-1625
6                                               laura.vartain@kirkland.com

7                                               Jessica Davidson (Admitted *Pro Hac Vice*)
                                                Christopher D. Cox (Admitted *Pro Hac Vice*)
8                                               **KIRKLAND & ELLIS LLP**
9                                               601 Lexington Avenue
                                                New York, NY 10022
10                                              Telephone: (212) 446-4800
                                                jessica.davidson@kirkland.com
11                                              christopher.cox@kirkland.com

12                                              Allison M. Brown (Admitted *Pro Hac Vice*)
13                                              **KIRKLAND & ELLIS LLP**
                                                2005 Market Street, Suite 1000
14                                              Philadelphia, PA 19103
                                                Telephone: (215) 268-5000
15                                              alli.brown@kirkland.com

16                                              SABRINA H. STRONG (SBN: 200292)
17                                              sstrong@omm.com
                                                JONATHAN SCHNELLER (SBN: 291288)
18                                              jschneller@omm.com
                                                **O'MELVENY & MYERS LLP**
19                                              400 South Hope Street, 19th Floor
                                                Los Angeles, CA 90071
20                                              Telephone: (213) 430-6000
                                                Facsimile: (213) 430-6407
21
22                                              PATRICK L. OOT (*Pro Hac Vice*)
23                                              oot@shb.com
                                                **SHOOK, HARDY & BACON, LLP**
24                                              1800 K Street NW, 10th Floor
                                                Washington, DC 20006
25                                              Telephone: (202) 783-8400
                                                Facsimile: (202) 783-4211
26
27                                              ALYCIA A. DEGEN (SBN: 211350)
                                                adegen@shb.com
28                                              MICHAEL B. SHORTNACY (SBN: 277035)

---

9

mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac
Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | [PROPOSED] AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE |
| This Document Relates to: | |
| ALL ACTIONS | Judge:      Honorable Charles R. Breyer |

[PROPOSED] AMENDED ORDER

Having considered Uber's Motion for Entry of an Order to Show Cause Why 7 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

The 7 Plaintiffs listed in Exhibit A1 of the Motion have submitted non-bona fide receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc*., 727 F.2d 1470, 1472, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc*., 709 F.2d 585, 589 (9th Cir. 1983).

Accordingly, the 7 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice. The Plaintiffs shall file a written response

1    no later than December 5, 2025. The response must specifically address the factual and legal

2    basis for the submission of the non-bona fide receipts and why the conduct does not warrant

3    dismissal under the Court's inherent powers.

4          The Court orders Plaintiffs with MDL IDS 3621, 3962, and 3666 to submit within 30 days to

5    a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how

6    the fraudulent receipt was generated and distributed, and who else was involved in or aware of the

7    fraud at issue here.

8

9          **IT IS SO ORDERED.**

10

11

12    Dated:  November 19   , 2025

13

14

15

16



17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA
FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

# EXHIBIT A1

| MDL ID | Law Firm |
|--------|----------|
| 3666 | Pulaski Law Firm, PLLC |
| 3699 | Pulaski Law Firm, PLLC |
| 3787 | Pulaski Law Firm, PLLC |
| 3877 | Reich and Binstock, LLP |
| 3921 | Peiffer Wolf Carr Kane Conway & Wise |
| 3962 | Reich and Binstock, LLP |
| 3977 | Reich and Binstock, LLP |

[PROPOSED] AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

1   Laura Vartain Horn (SBN 258485)
    **KIRKLAND & ELLIS LLP**
2   555 California Street, Suite 2700
3   San Francisco, CA 94104
    Telephone: (415) 439-1625
4   laura.vartain@kirkland.com

5   ALLISON M. BROWN (Admitted *Pro Hac Vice*)
    alli.brown@kirkland.com
6   JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
    jessica.davidson@kirkland.com
7   CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
    christopher.cox@kirkland.com
8   **KIRKLAND & ELLIS LLP**
9   601 Lexington Avenue
    New York, NY 10022
10  Telephone: (212) 446-4800

11  MICHAEL B. SHORTNACY (SBN: 277035)
12  mshortnacy@shb.com
    **SHOOK, HARDY & BACON L.L.P.**
13  2121 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
14  Telephone: (424) 285-8330

15  *Attorneys for Defendants*
16  UBER TECHNOLOGIES, INC.;
    RASIER, LLC; and RASIER-CA, LLC
17

18              **UNITED STATES DISTRICT COURT**

19              **NORTHERN DISTRICT OF CALIFORNIA**

20              **SAN FRANCISCO DIVISION**

21  IN RE: UBER TECHNOLOGIES, INC.,          Case No. 3:23-md-03084-CRB
    PASSENGER SEXUAL ASSAULT
22  LITIGATION                                **DEFENDANTS UBER TECHNOLOGIES,
                                               INC., RASIER, LLC, AND RASIER-CA,
23  _____           LLC'S MOTION TO DISMISS CASES FOR
                                               FAILURE TO COMPLY WITH PTO 31 AND
24                                             SHOW-CAUSE ORDERS**

25  This Document Relates to:                 Date:       January 16, 2026
                                              Time:       10:00 a.m.
26  *See Exhibit to Motion*                   Courtroom:  6 – 17th Floor

27

28

----
DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS
                                              Case No. 3:23-MD-3084-CRB

1

**NOTICE OF MOTION TO DISMISS**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on January 16, 2026 at 10:00 a.m., or as soon thereafter as

4 counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor

5 of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue,

6 San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC

7 (collectively, "Uber") will, and hereby do, move this Court for an order (1) dismissing without

8 prejudice the claims of the Plaintiffs listed in Exhibit B to the Declaration of Michael B. Shortnacy

9 and subject to Pretrial Order No. 31 ("PTO 31") for failing to prosecute their cases and comply with

10 that order; (2) dismissing with prejudice the claims of the Plaintiffs listed in Exhibit A to the

11 Declaration of Michael B. Shortnacy and subject to this Court's September 9 and September 22, 2025

12 show-cause orders for failing to comply with those orders to show cause why their claims should not

13 be dismissed; and (3) ordering such relief as necessary to deter further fraud and widespread disregard

14 of this Court's Orders.

15

This Motion is made pursuant to PTO 31 (ECF 3877), this Court's September 9 and September

16 22, 2025, orders to show cause (ECF 3876; ECF 3972), Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b)

17 of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached

18 Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy;

19 the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire

20 file in this coordinated action; any Reply that may be filed in support of this Motion; and any other

21 arguments or evidence that may be presented to the Court in support of this Motion.

22

23 Dated: November 21, 2025

24

25

26

27

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT.................................................................................................. 1

BACKGROUND ................................................................................................................... 4

ARGUMENT ........................................................................................................................ 8

I.    THE CLAIMS OF 181 PLAINTIFFS WHO FAILED TO RESPOND TO PTO 31
SHOULD BE DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(B). ... 8

    A.    Four *Malone* Factors Support Dismissal................................................. 9

    B.    The Remaining *Malone* Factor Does Not Weigh in Plaintiffs' Favor Due to Ongoing
Noncompliance. ................................................................................. 10

II.    THE CLAIMS OF THE 27 PLAINTIFFS WHO FAILED TO RESPOND (OR
ADEQUATELY RESPOND) TO THE ORDER TO SHOW CAUSE SHOULD BE
DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B). ................................ 10

III.    THE COURT SHOULD ORDER SUCH OTHER RELIEF AS NECESSARY TO
DELIVER JUSTICE AND SEND THE MESSAGE THAT FRAUD AND DISREGARD
OF THE COURT'S ORDERS WILL NOT BE REWARDED......................................... 12

CONCLUSION.................................................................................................. 13

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Amatrone v. Champion*,
No. 15-cv-01356-JST, 2017 WL 4618671 (N.D. Cal. Oct. 16, 2017)......................................9

*Amina v. WMC Mortg. Corp.*,
554 Fed. App'x 555 (9th Cir. 2014) ...................................................................................11

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*,
2007 WL 136625 (N.D. Cal. Jan. 12, 2007) .......................................................................10

*Computer Task Group, Inc. v. Brotby*,
364 F.3d 1112 (9th Cir. 2004) ...........................................................................................10

*In re Deepwater Horizon*,
907 F.3d 232 (5th Cir. 2018) ..............................................................................................13

*Fair Hous. of Marin v. Combs*,
285 F.3d 899 (9th Cir. 2002) ................................................................................................9

*GS Holistic, LLC v. TM Smoke Shop, Inc.*,
No. 23-cv-380, 2023 WL 3741621 (C.D. Cal. May 30, 2023)...........................................12

*Hedges v. United States*,
No. 23-cv-03429, 2024 WL 5666537 (N.D. Cal. Mar. 26, 2024) ......................................12

*Malone v. USPS*,
833 F.2d 128 (9th Cir. 1987) ......................................................................................8, 9, 10

*Pagtalunan v. Galaza*,
291 F.3d 639 (9th Cir. 2002) ................................................................................................9

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
460 F.3d 1217 (9th Cir. 2006) ..........................................................................................9, 10

*In re Silica Prods. Liab. Litig.*,
398 F. Supp. 2d 563 (S.D. Tex. 2005) ................................................................................13

*Sokolsky v. Meeks*,
789 F. App'x 63 (9th Cir. 2019) .........................................................................................10

*Soto v. United Airlines Inc.*,
No. 24-cv-03045, 2024 WL 3996068 (N.D. Cal. Aug. 28, 2024) .......................................11

*Thompson v. Hous. Auth. of L.A.*,
782 F.2d 829 (9th Cir. 1986) ................................................................................................9

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

*United States v. Hayes*,
    763 F. Supp. 3d 1054 (E.D. Cal. 2025)..................................................................11

**Rules**

Fed. R. Civ. P. 16..................................................................................................8

Fed. R. Civ. P. 37..............................................................................................8, 9

Fed. R. Civ. P. 41.........................................................................................8, 9, 11

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

1

**SUMMARY OF ARGUMENT**

2        Plaintiffs' recent, widescale non-responses to Court orders demonstrate there is significant

3  fraud and Plaintiff non-participation in this MDL. Hundreds of individuals have been signed up for

4  this case through click-bait ads and lead generators. After they click on the ads, they nominally become

5  "Plaintiffs." But many do not participate meaningfully in this litigation, and recently an alarming

6  number of these Plaintiffs have been ignoring Court orders.

7        On July 30, 2025, Uber moved for a case management order requiring Plaintiffs who had not

8  provided a ride receipt to provide a detailed explanation, under penalty of perjury, why they could not

9  produce one. ECF 3604. Plaintiffs argued that Uber's motion was "disingenuous[]," claiming that

10  there was no link between missing receipts and fraud. ECF 3771 at 1. Over Plaintiffs' protests, the

11  Court entered Uber's proposed case management order for Plaintiffs with missing receipts. ECF 3877.

12        On September 9, 2025, the Court ordered, in PTO 31: "Within 30 days of receiving Uber's

13  written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL

14  Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt,

15  explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email

16  and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt."

17  *Id.*

18        Of the 303 Plaintiffs subject to PTO 31's requirements, 181 (approximately 60%) have failed

19  to respond at all, much less by the October 13, 2025 date required under PTO 31:

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS



On September 9 and September 22, 2025, the Court also ordered that 27 Plaintiffs "have submitted non-bona-fide receipts. Some of these receipts show on their faces that they were generated using websites designed for creating receipts, such as Makereceipt.com. Other of these receipts contain math errors, formatting inconsistencies, and other glaring errors proving their inauthenticity. Other receipts submitted by these Plaintiffs were altered from actual receipts." ECF 3876; ECF 3972. To address that fraud, the Court ordered these 27 Plaintiffs to "SHOW CAUSE why their claims should not be dismissed with prejudice." *Id.* Of these 27 fraudulent Plaintiffs, 25 (over 90%) entirely failed to respond to the Court's orders. The other two did not claim that their receipts were not fraudulent.

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB



Just two days ago, the Court found that an additional "7 Plaintiffs listed in Exhibit A1 of the Motion have submitted non-bona fide receipts," and ruled that they are "ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice." ECF 4440. But, as the above graphic shows, over 90 percent of Plaintiffs have not been responding to this Court's show-cause orders.

Plaintiffs' counsel has argued that there is no problem with fraudulent and non-participating Plaintiffs, as long as non-bellwether Plaintiffs can "resurface" one day in order to receive a settlement. ECF 3771 at 4 ("At the end of the day, no case can go to trial nor settle without the involvement of the plaintiff asserting the claim. Uber faces no risk from those cases where the plaintiff never resurfaces."). But there is certainly no Federal Rule permitting a Plaintiff to remain submerged throughout litigation—immune from Court orders—as long as they are designated "non-bellwether." The Federal Rules and this Court's orders apply to all claimants, including any added via internet

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

advertising promising "significant compensation" with "no paperwork." Total Injury Help, *Rideshare Assault – Free Case Evaluation,* https://www.rideshareassaultjustice.com/ (last visited Nov. 19, 2025).

Uber seeks (1) dismissal without prejudice of the cases of 181 Plaintiffs who have failed to comply with PTO 31; and (2) an order dismissing with prejudice the cases of 27 Plaintiffs subject to this Court's September 9 and 22, 2025 orders to show cause (ECF 3876; ECF 3972).

Most importantly, this Court should also grant such other relief as it deems appropriate to deter fraud and disregard of the Court's orders. Nothing is more critical to the integrity of our judicial system than honesty and adherence to the rule of law.

## **BACKGROUND**

The material statistics relating to fraudulent receipts are below:

### Fraudulent Receipts

| | |
|---|---|
| Number of Plaintiffs Who Uber Claimed Provided Fraudulent Receipts | 27 |
| Number of Receipts Plaintiffs' Counsel Claim Are Bona Fide | 0 |
| Number Who Plaintiffs' Counsel Claim to Be Unable to Contact | 11 |
| Number of Plaintiffs Subject to the Court's Show-Cause Orders | 27 |
| Number of Plaintiffs Who Failed to Respond to the Court's Show-Cause Orders | 25 |
| Number of Plaintiffs Who Responded to the Court's Show-Cause Orders But Did Not Dispute Fraud | 2 |
| Number of Fraud Plaintiffs Whose Attorneys Moved to Withdraw | 23[1] |
| Number of Fraud Plaintiffs Whose Attorneys' Motions to Withdraw Were Denied | 17 |

Levin Simes LLP, representing Plaintiffs Jane Doe LS 333 and Jane Doe LS 397, initially stated that those Plaintiffs "assure us their receipts are authentic," ECF 3771 at 2, but did not ultimately file any responses to the Court's order to show cause and instead moved to withdraw, ECF 4146. On November 19, 2025, the Court ruled that these same two Levin Simes Plaintiffs (1) had violated this Court's Orders to produce documents; (2) are required to produce documents relating to their fraud; and (3) and are required to sit for a deposition relating to, among other things,

---

[1] This figure does not include the first counsel withdrawal for Plaintiff Jane Doe 693827, who also filed a separate lawsuit (now dismissed) with different counsel under the pseudonym J.H. Although Peiffer Wolf withdrew as counsel for J.H., it did so before Uber filed its fraud motion. Kherkher Garcia has separately moved to withdraw as counsel for Jane Doe 693827.

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

whether others may have been involved in the fraud. ECF 4443 ("Having considered Defendants' Motion to Compel Compliance with Court Orders & to Reset Deadline for Certain Depositions, the Court finds that the Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 have *violated this Court's September 9 and 22, 2025 Orders* (ECF 3876 & 3904) by failing to produce documents by the extended deadline ordered by this Court." (emphasis added)).

The material statistics relating to missing receipts are below:

### Missing Receipts

| | |
|---|---|
| Number of Plaintiffs with Missing Receipts Subject to PTO 31 For Missing Receipts | 303 |
| Number of PTO 31 Plaintiffs Who Have Since Provided Receipts (Out of 303) | 10 |
| Number of PTO 31 Plaintiffs Subject to PTO 31 Who Failed to Respond | 181 |

Multiple factors are responsible for the significant fraud and Plaintiff non-participation in this docket. First, Plaintiffs' counsel have engaged in aggressive (and highly successful) online click-bait style advertising. The number of Plaintiffs has increased by over 300 just since Uber filed its first fraud Motion on July 30, resulting, in part, from ads like the following "Free Compensation Check!" promise from the Nachawati Firm:



DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS
Case No. 3:23-MD-3084-CRB

Lead generation firms like Blue Sky, meanwhile, boast that they have "help[ed] law firms acquire Uber and Lyft sexual assault plaintiffs at a performance-based cost of $3,600 to $4,800," and "deliver signed retainers at a targeted price range, helping law firms enter or scale into this litigation." *See* Blue Sky Legal, *Uber and Lyft Sexual Assault Litigation: MDL and State Court Landscape*, https://blueskylegal.com/case-types/uber-and-lyft-sexual-assault/ (last accessed Nov. 19, 2025).



BLUE SKY LEGAL: YOUR STRATEGIC PARTNER IN RIDESHARE ASSAULT LITIGATION

Blue Sky Legal is already helping law firms acquire Uber and Lyft sexual assault plaintiffs at a performance-based cost of **$3,600 to $4,800**, depending on the complexity of the criteria. We deliver signed retainers at a targeted price range, helping law firms enter or scale into this litigation with predictable, high-quality case acquisition.

Whether your strategy is MDL, state court, or both, we can align targeting and screening to your needs. Our campaigns are compliance-ready, high-performing, and built with transparency. For litigation funders and law firms looking to participate in a landmark mass tort, we offer the volume and vetting needed to build value from day one.

Contact us to learn more: https://blueskylegal.com/contact-us/

Once Plaintiffs click on the "Free Compensation Check" (or similar click-bait language in these ads) and their attorneys file a complaint on their behalf, each Plaintiff is required to fill out a Plaintiff Fact Sheet ("PFS"). Plaintiffs must then verify that they have reviewed the PFS and confirmed the answers—which are required to be based on their personal knowledge, information, and belief—are true and correct. Unfortunately, Uber has learned that many Plaintiffs do *not* actually fill out the PFS themselves or even participate meaningfully in the process, let alone review the PFS before submission. Instead, many PFS are systemically "auto-populated" by the law firm without verification prior to upload. And many of the required verifications are not provided at all or are plainly inadequate. *See, e.g.*, ECF 3855 at 4; ECF 4203 (Uber's Amended Motion to Dismiss Cases for Failure to Comply with PTO 10 which was granted by Judge Breyer on November 19, 2025 (ECF 4442)).

Under PTO 5 and PTO 31, Plaintiffs are required to provide a ride receipt or ride information form. Plaintiffs' law firms often auto-populate or mass-populate the reason for not providing ride

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

receipts. Over 50 Plaintiffs represented by Williams Hart[2], over 40 Plaintiffs represented by Levin Simes[3], and over 60 Plaintiffs represented by Nachawati Law Group[4] submitted via MDL Centrality ("MDLC") the exact-same or near-exact-same boilerplate reasons for why they could not provide a receipt within the ride information form. Many of these are not real Plaintiffs who are fulfilling their obligations under the Federal Rules; they are instead individuals who clicked on an advertisement to join the litigation and are now having their responses auto-populated or mass-populated at each stage of the case.

Plaintiffs' counsel have repeatedly attempted to withdraw *after* this Court entered orders relating to fraudulent receipts, citing an inability to communicate with their clients. This Court has repeatedly denied those motions:

- One Plaintiff's firm admitted that one Plaintiff "has not responded to any efforts to reach her made by myself or [counsel's] staff since May 9, 2023" but still "filed in the MDL" "[o]n August 21, 2024." ECF 4103-1 ¶¶ 2, 5e. The Court denied the Motion. ECF 4168.

- Another Plaintiff's firm attempted to withdraw where Plaintiff "has not responded to any phone calls, emails, SMS, or mail delivered to Plaintiff M.J.'s last known address over the last several months." ECF 4258-1 ¶ 2. The Court denied the Motion. ECF 4434.

- A third Plaintiff's firm submitted a show-cause response following this Court's order stating that it "reached out to Plaintiff numerous times from December 31, 2024 to present [October 17, 2025]," ECF 4175-1 ¶ 2, but "[t]o date, Counsel's repeated efforts to contact MDL 2774 have been unsuccessful." ECF 4175 at 2. That counsel filed Plaintiff's case on December 31, 2024. *Id.* at 2.

---

[2] Williams Hart provided the following boilerplate reason (or a near-exact same) within over 50 Plaintiffs' Ride Information Forms via MDLC: "Plaintiff is unable to obtain the receipt for the ride at issue."

[3] Levin Simes provided the following boilerplate reasons (or a near-exact same) within over 40 Plaintiffs' Ride Information Forms via MDLC: (a) "Plaintiff cannot locate the receipt."; or (b) "Plaintiff's counsel is working on getting in contact with Plaintiff to obtain the ride receipt."

[4] Nachawati Law Group provided the following boilerplate reason (or a near-exact same) within over 60 Plaintiffs' Ride Information Forms via MDLC: "Despite a diligent search of Plaintiff's email address that she believes was associated with her Uber account at the time of the subject ride, Plaintiff cannot locate a ride receipt and does not recall whether she ever received a receipt of the ride. Plaintiff has been unable to access her account and locate the receipt despite a diligent effort to do so. Additionally, while Plaintiff believes the below phone number and email address were associated with this ride and account, it is possible that an older or now expired number or email address may have instead been associated with this ride or account, any details of which she does not recall at this time."

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

While certain Plaintiffs provided no receipt whatsoever—indeed, this Motion seeks dismissal of 181 such Plaintiffs—other Plaintiffs submitted fraudulent receipts. Plaintiffs incorrectly claim that the fraud problem is limited. In fact, and most concerningly, there may be many more receipts produced by Plaintiffs created using Makereceipt.com (or similar websites) that Uber has not yet been able to identify. For example, Pro or Enterprise level Makereceipt.com memberships permit users to generate receipts without a watermark, *see, e.g.*, ECF 3604 at 3, resulting in fraud that goes undetected.[5]

## ARGUMENT

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a case with prejudice for failure to comply with a court order. Rule 37(b)(2) likewise provides a court with the authority to dismiss an action with prejudice for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal of Plaintiffs' claims is justified here.

## I.   THE CLAIMS OF 181 PLAINTIFFS WHO FAILED TO RESPOND TO PTO 31 SHOULD BE DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal under Rule 41(b) of the claims of 181 Plaintiffs (listed in Ex. B to the Declaration of Michael B. Shortnacy[6]) for their failure to respond to the Court's Pretrial Order 31.[7]

---

[5] To the extent Uber is able to substantiate Plaintiff's ride, it then produces numerous documents consistent with this Court's orders, including: (a) the Chronicle Trip map for the Subject Trip; (b) the Background Check Results for *each and every* background check conducted on the driver; (c) a complete log of Agreements the Driver accepted with Uber; (d) a complete Account Status Log for the Driver; (e) the Driver "Tax Summary" for *every* year the Driver accepted any rides using the Uber Driver App; (f) all Tickets for the Driver; (g) all Communications exchanged between Uber and various third parties related to alleged misconduct and/or crimes by the Driver; and (h) all Communications, regarding the incident, between Uber and Plaintiff, Uber and the Driver, or Uber and any other witness to the Incident. *See* ECF 4287 at 46-49.

[6] This Declaration is attached hereto as Exhibit 1.

[7] "The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, or fault of the

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

1   The Court already warned Plaintiffs that failure to comply with this order would lead to dismissal.

2   ECF 3877 ¶ e; *see also* ECF 4443 (contemplating dismissal with prejudice for two Plaintiffs' failure

3   to comply with multiple orders of the Court).

4         When deciding whether to dismiss a case for non-compliance with a court order under Rule

5   41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of

6   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

7   public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic

8   sanctions." *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of*

9   *L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). These factors favor dismissal of Plaintiffs' claims.

10        **A.    Four *Malone* Factors Support Dismissal.**

11        The first factor, the public's interest in expeditious resolution of the litigation, "always favors

12  dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The second

13  factor, the Court's need to manage its docket, also strongly supports dismissal. Adherence to orders

14  like PTO 31 is particularly important in an MDL, where the "district judge must establish schedules

15  with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by

16  motion, settlement, or trial." *In re PPA*, 460 F.3d 1217, 1232 (9th Cir. 2006). Under the third *Malone*

17  factor, Plaintiffs' violation of PTO 31 has prejudiced—and continues to prejudice—Uber. A defendant

18  is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to

19  interfere with the rightful decision of the case." *Id.* at 1227 (quoting *Adriana Int'l Corp,* 913 F.2d at

20  1412).

21        The details of where and when the Uber ride on which Plaintiffs were allegedly assaulted took

22  place are some of the most basic information about Plaintiffs' claims. To defend itself, Uber needs to

23  know at a minimum the basis on which Plaintiffs are seeking relief. *Amatrone v. Champion,* No. 15-

24  cv-01356-JST, 2017 WL 4618671, at *4 (N.D. Cal. Oct. 16, 2017). Without this information, it is

25  _____

26  party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th
    Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard."
27  *Id.* The 200 Plaintiffs at issue willfully violated PTO 31 because they have not demonstrated that it
    was impossible for them to comply with the order. Dismissal is also appropriate under Rule 37. *See In*
    *re PPA*, 460 F.3d at 1232–34.

28

impossible for Uber to prepare for trial. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). The third *Malone* factor supports dismissal. The final *Malone* factor, the availability of less drastic sanctions, also supports dismissal. Uber is merely asking for the relief the Court previewed in PTO 31—dismissal of Plaintiffs' claims without prejudice. ECF 3877 ¶ e. "It is hard to imagine a less drastic sanction than dismissal without prejudice." *Sokolsky v. Meeks*, 789 F. App'x 63, 64 (9th Cir. 2019) (cleaned up). This statement is particularly true here, because this Court already warned that dismissal without prejudice could follow Plaintiffs' noncompliance with PTO 31.

Plaintiffs have not complied with PTO 31 and the first three and final *Malone* factors weigh in favor of dismissing their claims.

### B. The Remaining *Malone* Factor Does Not Weigh in Plaintiffs' Favor Due to Ongoing Noncompliance.

The remaining *Malone* factor—the public policy favoring disposition of cases on their merits—does not outweigh the other four factors here. A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs refuse to comply with the Court's orders to provide a bona fide ride receipt or statement. Each Plaintiff's case depends on establishing the necessary—but not sufficient—fact that a ride actually took place. Plaintiffs' disregard of court-ordered discovery on this point dooms their cases. Further, the evidence of ongoing fraud in the docket is a tangible result of willful noncompliance with this Court's orders. The preference for resolving cases on the merits therefore does not weigh in Plaintiffs' favor, including because the documents evidencing the merits were not produced in violation of Court orders. *In re Bextra & Celebrex Mktg., Sales Prac. & Prod. Liab. Litig.*, MDL No. 1699, 2007 WL 3022241, at *1 (N.D. Cal. Oct. 12, 2007) (preference for merits resolution did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

## II. THE CLAIMS OF THE 27 PLAINTIFFS WHO FAILED TO RESPOND (OR ADEQUATELY RESPOND) TO THE ORDER TO SHOW CAUSE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

This Court previously ordered the 27 Plaintiffs listed in Ex. A to the Declaration of Michael B. Shortnacy to show cause why their cases should not be dismissed with prejudice. ECF 3876; ECF

10

3972. The deadline for their response was October 17, 2025. ECF 4120. As of that date, 25 Plaintiffs chose to disregard the Court's order and submit no response at all. Shortnacy Decl. ¶ 3 & Ex. A (listing Plaintiffs subject to order to show cause and their responses or lack thereof). Under the circumstances, these Plaintiffs' claims should be dismissed with prejudice. ECF 3876; ECF 3972; *see, e.g.*, *Amina v. WMC Mortg. Corp.,* 554 Fed. App'x 555, 555 (9th Cir. 2014) (affirming dismissal with prejudice under Rule 41 where Plaintiff failed to respond to order to show cause).

The two Plaintiffs who did respond to the order to show cause said nothing that negates or excuses the fraud this Court already found:

- Jane Doe 693827, the Plaintiff in 24-cv-09515, had two responses filed by two different law firms. Shortnacy Decl. ¶ 3. She was also the Plaintiff in 3:24-cv-03341 under a different pseudonym (J.H.), but her counsel in that case withdrew and the case was dismissed without prejudice. *Id.* The first law firm, Peiffer Wolf, filed a response merely to state that it no longer represents J.H. ECF 4171 ("We no longer represent J.H. and we defer to the Court on this matter.") Of course, Peiffer Wolf did represent J.H. at the time she submitted the fraudulent receipt. Shortnacy Decl. ¶ 3. The second law firm, Kherkher Garcia, did not deny that Jane Doe 693827 had submitted a fraudulent receipt, but simply stated that it did not represent her at the time the receipt was filed and *that it could not get in touch with her to discuss the matter*. ECF 4175 ("Counsel has not been able to confer with MDL 2774 with regards to the authenticity of any ride receipt she may have produced as MDL 1384 and therefore cannot here and now show cause against dismissal with prejudice in that regard."). Notably, Kherkher Garcia states that the last time it attempted to contact Jane Doe 693827 was in August 2025, a month before the Court entered the show-cause order as to her. *See* ECF 3972 (entered Sep. 22, 2025). Neither response disputed that Jane Doe 693827 had submitted a fraudulent receipt.

- Plaintiff R.M. filed a response suggesting that "difficulties in retrieving legacy receipts do not reasonably imply fraud" without directly addressing the indicia of fraud identified by Uber. ECF 4176. In her response, she consented to dismissal with prejudice. *Id.* ("In light of that dismissal with prejudice, the issues identified in the Court's Order to Show Cause are largely moot. Plaintiff respectfully requests that the Court discharge the Order to Show Cause and deny any further discovery or sanctions proceedings as unnecessary."). Plaintiff R.M. did not dispute having submitted a fraudulent receipt.

Neither response addresses Uber's specific evidence that the Plaintiffs submitted fraudulent receipts or otherwise makes a case for why Plaintiffs should be permitted to continue to press their cases before this Court. A response to a show-cause order is "fundamentally inadequate" where, as here, it "contains no explanation as to *why*" the challenged conduct occurred, "fails to acknowledge that [an] error was unacceptable or apologize, and does not reflect any commitment to do better in the future." *Soto v. United Airlines Inc.,* No. 24-cv-03045, 2024 WL 3996068, at *1 n.1 (N.D. Cal. Aug. 28, 2024) (emphasis in original); *see also United States v. Hayes,* 763 F. Supp. 3d 1054, 1066 (E.D.

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Cal. 2025) (response to order to show cause "inadequate and not credible" where it failed to explain how challenged conduct occurred); *GS Holistic, LLC v. TM Smoke Shop, Inc.,* No. 23-cv-380, 2023 WL 3741621, at *1–2 (C.D. Cal. May 30, 2023) (response to order to show cause "inadequate and insufficient" where it failed to "explain why these failures occurred"). Given Plaintiffs' utter failure to justify or explain their fraud, after several months of not responding to this Court's Order, all 27 of their cases should be dismissed with prejudice. *See Hedges v. United States*, No. 23-cv-03429, 2024 WL 5666537, at *4 (N.D. Cal. Mar. 26, 2024).

**III.    THE COURT SHOULD ORDER SUCH OTHER RELIEF AS NECESSARY TO DELIVER JUSTICE AND SEND THE MESSAGE THAT FRAUD AND DISREGARD OF THE COURT'S ORDERS WILL NOT BE REWARDED.**

Over 200 Plaintiffs willfully failed to respond to either (1) the Court's show-cause orders regarding fraud or (2) the Court's PTO 31 regarding missing receipts. And at least 27 Plaintiffs do not dispute that they committed fraud. *See also* ECF 4440 (Court ordering an additional 7 Plaintiffs to show cause for why they should not be dismissed for fraudulent receipts).

Meanwhile, since Uber filed its first fraud motion on July 30, hundreds of "Plaintiffs" have been lured to file new claims in this MDL, by ads such as this one, promising a "**Significant Compensation**" with "**No Paperwork**" and "**No Hassle**." Total Injury Help, *Rideshare Assault – Free Case Evaluation,* https://www.rideshareassaultjustice.com/ (last visited Nov. 19, 2025).



DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

1    Fraudulent and non-compliant Plaintiffs, as well as the advertisers and lead generators who lure them,

2    should be aware that there is no such thing as litigation with "no paperwork" and "no hassle."

3    Absent such an Order from this Court, this litigation will be clogged with fraudulent and

4    frivolous claims, thereby prejudicing "meritorious" claimants who have complied with their discovery

5    obligations and undermining their "full and meaningful access to the courts." *In re Silica Prods. Liab.*

6    *Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005); *see also In re Deepwater Horizon*, 907 F.3d 232,

7    236 (5th Cir. 2018) (such conduct "hamper[s] the resolution of meritorious claims by real plaintiffs.").

8    Uber's proposed Order, attached as Exhibit 2, provides the Court an opportunity to include in

9    its order such remedies and language as are necessary to both deliver justice and deter additional fraud

10    and disregard of Court orders.

11    <u>**CONCLUSION**</u>

12    This Court clearly notified Plaintiffs of their PTO 31 obligation to produce a bona fide ride

13    receipt or a statement explaining their search efforts and reasons why they have been unable to locate

14    said receipt. ECF 3877. Despite this clear warning, and after specific notice, 181 Plaintiffs still failed

15    to provide a receipt or statement within the allotted time, and this Court should dismiss their claims

16    without prejudice. Similarly, this Court ordered 27 Plaintiffs who submitted fraudulent receipts in this

17    litigation to show cause why their cases should not be dismissed with prejudice. ECF 3876; ECF 3972.

18    Those Plaintiffs failed to do so. Those cases should now be dismissed with prejudice.

19    Uber also respectfully requests that the Court order such other relief as necessary to both

20    deliver justice and deter fraud and non-compliance with the Court's orders.

21

22    Dated: November 21, 2025                    Respectfully submitted,

23                                                */s/ Laura Vartain Horn*

24                                                Laura Vartain Horn (SBN 258485)
                                                **KIRKLAND & ELLIS LLP**
25                                                555 California Street, Suite 2700
                                                San Francisco, CA 94104
26                                                Telephone: (415) 439-1625
                                                laura.vartain@kirkland.com
27
                                                Jessica Davidson (Admitted *Pro Hac Vice*)
28
                                                13

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

1    Christopher D. Cox (Admitted *Pro Hac Vice*)
     **KIRKLAND & ELLIS LLP**
2    601 Lexington Avenue
     New York, NY 10022
3    Telephone: (212) 446-4800
     jessica.davidson@kirkland.com
4    christopher.cox@kirkland.com

5    Allison M. Brown (Admitted *Pro Hac Vice*)
     **KIRKLAND & ELLIS LLP**
6    2005 Market Street, Suite 1000
     Philadelphia, PA 19103
7    Telephone: (215) 268-5000
     alli.brown@kirkland.com
8
9    SABRINA H. STRONG (SBN: 200292)
     sstrong@omm.com
10   JONATHAN SCHNELLER (SBN: 291288)
     jschneller@omm.com
11   **O'MELVENY & MYERS LLP**
12   400 South Hope Street, 19th Floor
     Los Angeles, CA 90071
13   Telephone: (213) 430-6000
     Facsimile: (213) 430-6407
14

15   PATRICK L. OOT (*Pro Hac Vice*)
     oot@shb.com
16   **SHOOK, HARDY & BACON, LLP**
17   1800 K Street NW, 10th Floor
     Washington, DC 20006
18   Telephone: (202) 783-8400
     Facsimile: (202) 783-4211
19
20   ALYCIA A. DEGEN (SBN: 211350)
     adegen@shb.com
21   MICHAEL B. SHORTNACY (SBN: 277035)
     mshortnacy@shb.com
22   **SHOOK, HARDY & BACON, LLP**
     2121 Avenue of the Stars, Suite 1400
23   Los Angeles, CA 90067
     Telephone: (424) 285-8330
24   Facsimile: (424) 204-9093

25   CHRISTOPHER V. COTTON (*Pro Hac Vice*)
26   ccotton@shb.com
     **SHOOK, HARDY & BACON, LLP**
27   255 Grand Boulevard
     Kansas City, MO 64108
28

14

1

Telephone: (816) 474-6550
Facsimile: (816) 421-5547

2

3

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS** |
| This Document Relates to: | Date: February 13, 2026 |
| *Jane Doe LS 333 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05930-CRB | Time: 10:00 a.m. |
| | Courtroom: 6 – 17th Floor |
| *Jane Doe LS 397 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05864-CRB | |

1

## NOTICE OF MOTION TO COMPEL

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on February 13, 2026, at 10:00 a.m. Pacific, or as soon

4

thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on

5

the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden

6

Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and

7

Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order (1)

8

compelling Plaintiffs Jane Doe LS 333 and 397 to comply with this Court's September 9, September

9

22, and November 19, 2025 Orders within five court days, (2) compelling a sworn declaration from

10

Plaintiffs' counsel that addresses counsel's presuit investigation as to the claims of Plaintiffs Jane Doe

11

LS 333 and LS 397, and (3) ordering such further relief as the Court deems appropriate given

12

Plaintiffs' fraud and repeated noncompliance with this Court orders.

13

This Motion is made pursuant to this Court's September 9, September 22, and November 19

14

Orders (ECF 3876; ECF 3977; ECF 4443) and Rules 16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules

15

of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and

16

Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed

17

Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated

18

action; any Reply that may be filed in support of this Motion; and any other arguments or evidence

19

that may be presented to the Court in support of this Motion.

20

21

DATED: December 5, 2025                    Respectfully submitted,

22

                                           **SHOOK, HARDY & BACON L.L.P.**

23

                                           By: */s/ Christopher V. Cotton*

24

                                           CHRISTOPHER V. COTTON

25

                                           *Attorney for Defendants*
                                           UBER TECHNOLOGIES, INC.,

26

                                           RASIER, LLC, and RASIER-CA, LLC

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order (1) compelling Plaintiffs Jane Doe LS 333 and 397 – both clients of the Levin Simes firm – to comply with this Court's September 9, September 22, and November 19, 2025 Orders within five court days, (2) compelling a sworn declaration from Plaintiffs' counsel within five court days that addresses counsel's pre-suit investigation as to the claims of Plaintiffs Jane Doe LS 333 and Jane Doe LS 397; and (3) ordering such further relief as the Court deems appropriate given Plaintiffs' fraud and repeated noncompliance with this Court orders.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Levin Simes Clients Jane Does LS 333 and 397 Have Repeatedly Disregarded Court Orders Relating To The Fraud That This Court Found Them To Have Committed.**

This Court has already found that Jane Does LS 333 and 397 – both clients of the Levin Simes firm – have committed fraud. *See* ECF 3876. The Court twice ordered those Plaintiffs to provide discovery, including documents, relating to their fraud. ECF 3876; ECF 4443. The Plaintiffs have repeatedly disregarded those Court orders and not produced the required fraud-related documents. Neither Plaintiffs' fraud nor their repeated disregard of Court orders should be permitted. Uber respectfully requests that the Court order – for yet a third time – that Plaintiffs provide discovery relating to their fraud, and also order any further relief the Court deems appropriate to address Plaintiffs' fraud and repeated non-compliance with Court orders.

In July of this year, Uber made this Court aware that Plaintiffs Jane Does LS 333 and 397 submitted fraudulent receipts. ECF 3604. In response, counsel for Plaintiffs Jane Does LS 333 and 397 asserted – without a shred of supporting evidence – "their receipts are authentic, and that their

---

[1] Uber brings this motion before the Court rather than the Magistrate because it is "a motion relating to sanctions pursuant to Rule 37," which courts have recognized is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). This Court's referral to the Magistrate was limited to "ALL DISCOVERY PURPOSES." ECF 66. In addition, "district courts are in the best position to interpret their own orders." *Northern Central Distributing, Inc. v. Bogenschutz,* No. 1:17-cv-01351, 2019 WL 1004843, at *6 n.2 (E.D. Cal. March 1, 2019) (*quoting JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.,* 359 F.3d 699, 705 (4th Cir. 2004)). Indeed, Magistrate Judge Cisneros herself has observed that disputes over violations of a district court's order "should be directed to [the district judge] in the first instance, subject to referral [back to the magistrate] if he determines that such a motion implicates discovery issues best addressed by the undersigned." *Wills v. City of Monterey,* No. 21-cv-01998, 2024 WL 1008596, at *9 (March 8, 2024).

assaults were real," belittling Uber's motion as a "waste [of] court time," "disingenuous," and "violence to due process." ECF 3771 at 1, 4. The Court disagreed, and on September 9, 2025, found that Plaintiffs had "submitted non-bona-fide receipts," ordered them to show cause why their claims should not be dismissed with prejudice, <u>and</u> ordered that they (1) produce native versions of their receipts; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts. ECF 3876.

Plaintiffs never produced any documents, and so the depositions did not go forward. Instead, on October 14, their counsel at Levin Simes informed Uber by email that "[w]e will be moving to withdraw as counsel from these two cases" and asked for further extensions. ECF 4206-1 ¶ 5. That same evening, Levin Simes filed the motion to withdraw, representing in a supporting declaration that <u>counsel</u> was "unaware of any responsive documents to produce," although he also stated that "[c]ounsel and clients have experienced a fundamental breakdown in communication." ECF 4146-1 ¶¶ 2 & 6. The Court denied the motion to withdraw. ECF 4167**.**

### 1.   Uber's First Motion to Compel as to Jane Does LS 333 & LS 397.

On October 22, 2205, Uber moved to compel Jane Does LS 333 and 397 to produce the documents and sit for the depositions required by the Court's September 9 Order. ECF 4206. Among other things, Uber explained why Plaintiffs' position that no responsive documents exist was untenable. Uber provided expert declarations explaining why documents relating to these frauds must exist, including in the form of credit card statements. ECF 4206-3. First, both Jane Does previously submitted static images of their alleged receipts in February (LS 333) and September (LS 397) 2024. ECF 4206-1 ¶ 3. At a minimum, Plaintiffs must have the underlying sources for those static images (authentic or not) and therefore would be able to respond to the Court's Order to produce "native versions of [those] receipts." ECF 3876. Second, the two alleged rides at issue in Plaintiffs' cases were allegedly paid for by credit cards, so at the very least credit card statements would provide another form of available documentation. ECF 4206-3 at 9. Third, because Plaintiff Jane Doe LS 333 appears

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

to have used the website Makereceipt.com to create a fraudulent receipt, she should have credit card statements reflecting the charges for Makereceipt.com, as well as communications and login information relating to her account with that website. *Id.* at 4 & 9. These materials would be responsive to this Court's order that Plaintiffs produce documents relating to "generation of their receipts" and to "the website Makereceipt.com." ECF 3876.

Jane Does LS 333 and 397 and their Levin Simes counsel did not file a response to Uber's motion to compel, which the Court granted on November 19. ECF 4443. The Court ordered Plaintiffs to "immediately" produce the documents called for by its September 9 Order. *Id.*

### 2.   Plaintiffs' continued non-compliance.

Plaintiffs continue to defy this Court's orders and refuse to produce documents. On November 25, Plaintiffs' counsel stated that "our clients deny the existence of any responsive documents" and suggested that Uber should "depose them about it." Cotton Decl. ¶ 5. When Uber pointed out that the denial was baseless for the reasons previously detailed to the Court in an expert declaration, Plaintiffs' counsel simply repeated that "[t]hey can't produce something they say does not exist." *Id.* Uber met and conferred with counsel for Jane Does LS 333 and 397 on December 1, 2025. During that meet and confer, Plaintiffs' counsel conceded that he *does not know what these two plaintiffs did to search for responsive documents*. See Cotton Decl. ¶ 6.

### B.   The identities of the persons who assisted plaintiffs in committing fraud against this Court and Uber are not known, and further investigation is required in order to deliver justice.

Uber continues to discover fraudulent claims through its ongoing assessment of this docket of cases. *See* ECF 3604; ECF 3784; ECF 4137. The full extent of the fraud being perpetrated is unknown but increasingly concerning. For example, as Uber has previously explained, certain websites allow fraudsters to pay a bit more to make the fraud very difficult to detect. ECF 3604 at 4. Given the breadth of the fraud, a key question needs to be addressed:  what are the identities of the persons who are assisting plaintiffs in committing fraud? This question must be addressed, and the fraud must be rooted out and remedied, in order to resolve this docket.

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

1    Dismissal of fraudulent cases is certainly warranted, but dismissal alone is not enough. Uber

2    is entitled to – as this Court has already ordered – certain document discovery and deposition testimony

3    from Plaintiffs that have submitted fraudulent receipts. *See* ECF 3876; ECF 3972; ECF 4440; ECF

4    4443. This discovery will enable Uber to more fully who is involved with the fraud and lead to

5    measures that better enable the Court, Uber, and the appropriate authorities to weed it out.

6        Instead of complying with this Court's orders, Plaintiffs and their counsel simply ignore their

7    court-ordered obligations. That is exactly what Uber is facing from Plaintiffs Jane Doe LS 333 and

8    Jane Doe LS 397. This conduct must end. This Court's orders must be enforced.

9                                    **ARGUMENT**

10        Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to

11    provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P.

12    16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized

13    by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial

14    order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss

15    actions, Fed. R. Civ. P. 37(b)(2), but "courts have broad discretion to fashion an appropriate sanction

16    for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F.

17    App'x 238, 244 (9th Cir. 2021) (internal quotation omitted) (emphasis added). This can include

18    ordering additional discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp'l*, No. 17-cv-05554,

19    2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel

20    is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787,

21    2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37).

22    **A. Plaintiffs must comply with this Court's Order to produce documents.**

23        "Compliance with court orders is not optional" and parties are "not free to ignore the Court's

24    Orders with impunity." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810,

25    at *4 (C.D. Cal. May 3, 2021). Indeed, parties (and their attorneys) must comply with a court's

26    discovery orders or face sanctions, including fee shifting and/or the dismissal with prejudice of their

27    claims. Fed. R. Civ. P. 37(b)(2); *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F. 4th 1136, 1146 (9th

28

4

Cir. 2024); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232 (9th Cir. 2006). This Court has not once but twice ordered Jane Does LS 333 and 397 to produce native versions of their receipts and related documents. ECF 3876; ECF 4443. And the Court made clear that the documents must be produced in advance of Plaintiffs' depositions. *Id.* Plaintiffs must comply with these orders.

**B. Dismissal of Plaintiff's claims with prejudice is warranted but does not moot the need for discovery.**

Nor can Plaintiffs simply accept a dismissal of their cases as a sanction for their fraudulent submissions and non-compliance with this Court's now-repeated order that they produce documents and sit for depositions. *See Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995) (failure to appear for court-ordered deposition not substantially justified despite prior dismissal of complaint), *abrogated on other grounds by Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 202 (1999). A plaintiff's "mere desire to dismiss the case did not, and does not, abrogate his duty to comply with his discovery obligations and court orders." *Barrett v. Apple Inc.*, No. 20-cv-4812, 2023 WL 3006641, at *2 (N.D. Cal. April 18, 2023). Due to Plaintiffs' "own choice to file mass-joinder cases," they face court-ordered obligations as any litigant would. *In re PPA*, 460 F.3d at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). They cannot simply walk away now that dealing with the consequences of their apparent litigation fraud has become inconvenient.

Indeed, it is well established that "the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008); *see also Coupa Software Inc. v. DCR Workforce, Inc.*, No. 3:23-cv-3102, 2023 WL 6247252, at *4 (N.D. Cal. Sep. 22, 2023) ("District courts have broad discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.") (quoting *Moore's Federal Practice* § 41.40[7][b][v] (3d ed. 2018)). Nor can a plaintiff use dismissal "to escape

the effect of unfavorable discovery rulings." *Chicano v. Monier, Inc.*, No. 06-cv-5028, 2007 WL 951761, at *1 (W.D. Wash. March 27, 2007). Although dismissal with prejudice is absolutely warranted here as a result of Plaintiffs' fraud and failure to comply with court orders, *see* Fed. R. Civ. P. 37(b)(2), they should not be permitted to use that dismissal as a means to deprive Uber the discovery it seeks regarding the fraudulent conduct.

It is particularly important that Jane Does LS 333 and LS 397 comply with their document production obligations because "discovery misconduct" is a "serious matter." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th Cir. 2005). Where it has occurred, courts have not hesitated to order additional discovery as a remedy. *See Sentinel Offender Servs., LLC v. G4S Secure Sols. (USA) Inc.*, No. 14-cv-298, 2016 WL 9454422, at *5 (C.D. Cal. Jan. 21, 2016). Uber has presented significant evidence, which this Court has previously accepted, that Plaintiffs submitted fraudulent receipts in support of their claims, but only Plaintiffs themselves know the full story of their conduct and means by which they perpetrated this fraud. They must answer for it in discovery so that Uber and this Court can better understand the scope of the fraud problem in this MDL and determine appropriate remedies.

In addition, discovery from Jane Does LS 333 and LS 397 is crucial for this Court to understand whether counsel fulfilled its "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). These Plaintiffs' fraud (not to mention that of more than thirty other Plaintiffs in this MDL) raises serious questions about whether counsel performed adequate due diligence before initiating the actions it and its clients now want to walk away from. Indeed, a federal judge in Pennsylvania recently referred a matter to the Department of Justice for investigation after finding plaintiffs' attorneys in a product liability action had, among other things, "conducted grossly inadequate presuit investigations" and filed complaints "which include numerous false, misleading, and baseless allegations." *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2025 WL 3455934, at *1 (E.D. Penn. Dec. 2, 2025). Fraud issues in mass tort litigation are real, are serious, and warrant full investigation. It is clear there are fraudulent claims on this Court's docket – the extent of which remains unknown.

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

### C. Plaintiffs' claim no responsive documents exist is baseless and has already been rejected by this Court.

Plaintiffs have allegedly told their counsel that no responsive documents exist, but that is not credible on its face. To claim native receipts do not exist after still images of said documents were submitted as proof of their claims is disingenuous, at best, but also more than likely a confirmation of their fraud. In addition, this is the same explanation that Plaintiffs' counsel offered when the parties met and conferred before Uber's first motion to compel, and which the Court previously rejected. ECF 4206 at 2; ECF 4443.

"[I]n order to fulfill its discovery obligations," a party "must confirm that it conducted a thorough search – not just a convenient one – with due diligence." *Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-cv-2286, 2020 WL 2527056, at *7 (C.D. Cal. Feb. 6, 2020). It is not sufficient for a party to simply assert no responsive documents exist. *ML Prods., Inc. v. Aster Graphics, Inc.*, No. 5:23-cv-2904, 2025 WL 2995106, at *5 (N.D. Cal. Oct. 8, 2025). But that is precisely what these Plaintiffs have done. They have only made the naked assertion that no responsive documents exist, without any supporting details or sworn statements. Under these circumstances, Plaintiffs should provide a declaration "describing with specificity what [they] did to search for and collect responsive documents." *Optronic Techs., Inc. v. Ningbo Sunny Electronic Co., Ltd*., No. 2020 WL 2838806, No. 16-cv-6370, at *7 (N.D. Cal. June 1, 2020). Without one, it is impossible for the opposing party or the court to "determine whether the party made a reasonable inquiry and exercised due diligence." *Flodin v. Central Garden & Pet Co.*, No. 21-cv-01631, 2024 WL 3859803, at *3 (N.D. Cal. Aug. 16, 2024).

Plaintiffs' counsel's concession that he has no idea what – if anything – these Plaintiffs did to search for responsive documents is likewise troubling and insufficient. "[I]t is not enough for counsel to simply give instructions to his clients and count on them to fulfill their discovery obligations." *Logtale, Ltd. v. IKOR, Inc.*, No. 4:11-cv-5452, 2013 WL 3967750, at *2 (N.D. Cal. July 31, 2013). The Federal Rules of Civil Procedure place an affirmative obligation on attorneys to provide reasonable oversight on their clients' searches for responsive documents and information. *Id.* Plaintiffs' counsel have failed to meet their obligations here.

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

A party's claim that no responsive documents exist must be rejected "where the seeking party presents convincing evidence that further responsive documents do exist." *Block v. Quest Diagnostics, Inc.*, No. 2:24-cv-00059, 2024 WL 5411206, at \*11 (C.D. Cal. Nov. 13, 2024). That is precisely the case here. Uber has presented convincing evidence, including a declaration from a forensic expert, that Jane Does LS 333 and 397 must have responsive documents. ECF 4206-3. And common sense dictates that some responsive documents must exist. For example, this Court ordered Plaintiffs to "native versions of [their alleged ride] receipts." ECF 3876. Both Jane Does previously produced ride receipts in this litigation, ECF 4206-1 ¶ 3, so they must have native versions of those receipts that they could produce. Similarly, both Jane Does have claimed that they paid for the Uber rides at issue in this litigation with credit cards, so their credit card statements would constitute "documents... relating to the production of their ride receipts," the production of which this Court has required. ECF 3876. And Jane Doe LS 333's receipt bore indicia that it was created using MakeReceipt.com, ECF 3604-38 at 6, so she should have documents related to her creation of the receipt via that website. Plaintiffs' assertion that these documents do not exist is simply unbelievable and should be rejected. *See Ceballos v. Banda Maguey Corp.*, No. 2:23-cv-10911, at \*7 (C.D. Cal. Jan. 31, 2025) (rejecting assertion responsive documents did not exist in light of convincing evidence to the contrary).

**D. Deposition testimony is no substitute for the required production.**

Plaintiffs' counsel argues that Uber should just take these Plaintiffs' depositions and ask them about their failure to produce any responsive documents. However, regardless of whether depositions are to take place, this Court has separately ordered the document production. Plaintiffs' counsel's argument is a blatant attempt to sidestep its obligation to ensure compliance with this Court's order. Counsel should not be encouraged to once again shirk its responsibility and force Uber to extract previously ordered document productions from their uncooperative (and obstructive) clients. Plaintiffs' counsel misses the point of the depositions. These depositions are not about missing documents. Instead, these depositions are about the fraud being perpetrated on this Court and Uber. Importantly, courts have recognized that "a deposition is not a substitute for responding to requests for production of documents." *Penn Nat'l Mut. Casualty Ins. Co. v. Va. Elec. & Power Co.*, No. 2:20-

8

cv-66, 2021 WL 6203177, at *5 (E.D.N.C. May 19, 2021); *see also Hirschman v. Agraria Ins. Co.*, No. 4:23-cv-4123, 2024 WL 4068745, at *10 (D.S.D. Sept. 5, 2024) ("deposition testimony does not substitute for the production of documents under Rule 34…. it is not for [defendant] to customize its discovery responses however it sees fit."). Jane Does LS 333 and 397 have already been ordered to produce responsive documents immediately, ECF 4443; now they must do so or face sanctions.

## **CONCLUSION**

This Court set clear deadlines for Plaintiffs Jane Does LS 333 and 397 to produce documents related to the fraudulent receipts they submitted in this litigation. Plaintiffs are expressly refusing to comply based on the incredible and unsupported contention that no responsive documents exist. This Court should order the following:

(1) Plaintiff Jane Doe LS 333 and Plaintiff Jane Doe LS 397 must produce the documents previously ordered to be produced within five court days. If either Plaintiff takes the position that no responsive documents exist, that Plaintiff must provide a sworn declaration within five court days explaining why the documents identified by Uber herein are allegedly not available for production. If either Plaintiff neither produces all responsive documents nor provides the declaration described herein, such Plaintiff(s) will be found in contempt of Court. Further proceedings will be addressed separately in the event either Plaintiff is in contempt of Court.

(2) Each Plaintiff shall appear for deposition, as previously ordered by the Court for up to three hours, no later than 30 days after entry of this Court's order.

(3) Plaintiffs' counsel shall provide within five court days a sworn declaration that addresses counsel's pre-suit investigation as to the claims of Plaintiffs Jane Doe LS 333 and Jane Doe LS 397, including a privilege log of all communications with each Plaintiff.

(4) Other relief that the Court deems necessary to address Plaintiffs' fraud and non-compliance with the Court's discovery orders.

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

1  DATED: December 5, 2025

2

3

4

5

6

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1  Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
San Francisco, CA 94104
3  Telephone: (415ll) 439-1625
laura.vartain@kirkland.com
4
Allison M. Brown (Admitted *Pro Hac Vice*)
5  **KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
Telephone: (215) 268-5000
7  alli.brown@kirkland.com
8  Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
9  2555 Grand Boulevard
Kansas City, MO 64108
10  Telephone: (816) 474-6550
ccotton@shb.com
11
*Attorneys for Defendants*
12  UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC
13
14              **UNITED STATES DISTRICT COURT**
15             **NORTHERN DISTRICT OF CALIFORNIA**
16               **SAN FRANCISCO DIVISION**
17  IN RE: UBER TECHNOLOGIES, INC.,          Case No. 3:23-md-03084-CRB
PASSENGER SEXUAL ASSAULT
18  LITIGATION                               **DEFENDANTS UBER TECHNOLOGIES,**
                                              **INC., RASIER, LLC, AND RASIER-CA,**
19  _____          **LLC'S MOTION TO COMPEL**
                                              **COMPLIANCE WITH COURT ORDER**
20
21  This Document Relates to:                Date:      February 13, 2026
                                             Time:      10:00 a.m.
22  *J.H. v. Uber Technologies., Inc., et al.*,  Courtroom: 6 – 17th Floor
No. 3:25-cv-05342-CRB
23
*R.L. v. Uber Technologies, Inc., et al*, No.
24  3:25-cv-05515-CRB
25
*A.E. v. Uber Technologies, Inc. et al.*, No.
26  3:25-cv-07668-CRB
27
28

1

## NOTICE OF MOTION TO COMPEL

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on February 13, 2026, at 10:00 a.m. Pacific, or as soon

4    thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on

5    the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden

6    Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and

7    Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order compelling

8    (1) Plaintiffs J.H., R.L., and A.E. to comply with this Court's November 19, 2025 Order by sitting for

9    depositions within 30 days; and (2) Plaintiffs' counsel to produce within five court days a sworn

10   declaration that addresses counsel's presuit investigation as to these Plaintiffs' claims.

11   This Motion is made pursuant to this Court's November 19 Order (ECF 4440) and Rules

12   16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Motion is based on this

13   Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of

14   Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed

15   herewith; the entire file in this coordinated action; any Reply that may be filed in support of this

16   Motion; and any other arguments or evidence that may be presented to the Court in support of this

17   Motion.

18

19   DATED: December 5, 2025                    Respectfully submitted,

20                                              **SHOOK, HARDY & BACON L.L.P.**

21                                              By: */s/ Christopher V. Cotton*

22                                              CHRISTOPHER V. COTTON

23                                              *Attorney for Defendants*
24                                              UBER TECHNOLOGIES, INC.,
                                                RASIER, LLC, and RASIER-CA, LLC

25

26

27

28

DEFENDANTS' MOTION TO COMPEL
COMPLIANCE WITH COURT ORDER

Case No. 3:23-MD-3084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order compelling (1) Plaintiffs J.H., R.L., and A.E. to immediately comply with this Court's November 19, 2025 Order by sitting for depositions; and (2) Plaintiffs' counsel to produce a sworn declaration that addresses counsel's presuit investigation as to these Plaintiffs' claims.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  J.H., R.L., and A.E., The Evidence That Individuals Have Coordinated To Commit Fraud, And The Persistent Fraud Problem in this MDL.**

As this Court has recognized, a growing number of Plaintiffs in this MDL have submitted fraudulent receipts in support of their claims. ECF 3876; ECF 3972. Uber is continuing to find fraud on a regular basis and will continue to report it to the Court. Moreover, as Uber has previously informed this Court, the fraud found to date may be only part of the iceberg – for example, websites like makereceipt.com allow fraudsters to pay a small price to make fraud much more difficult to detect. ECF 3604 at 4.

On October 13, 2025, Uber filed a Motion for Order to Show Cause that made this Court aware that Plaintiffs and A.E. (MDL 3962) and R.L. (MDL 3666) were among these Plaintiffs. ECF 4137. Specifically, A.E. submitted a receipt bearing a Trip ID that matched a bona-fide receipt in Uber's system, but the name of the rider and date of the ride had been altered on the receipt A.E. submitted. *Id.* at 3-4. In addition, A.E.'s purported receipt included a timestamp error showing purported payment before the alleged ride occurred; the payment timestamp on bona fide receipts is published after the trip is completed. *Id*. at 3. **Moreover, four other Plaintiffs from the MDL have also submitted altered receipts based on the same receipt (with the same Trip ID) that A.E.'s purported receipt altered, suggesting coordination by several individuals engaged in fraud.** Cotton Decl. ¶ 3. Uber

---

[1] Uber brings this motion before the Court rather than the Magistrate because (1) it is to follow up on this Court's prior Orders; and (2) it is a motion "pursuant to Rule 37," which courts have recognized is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). This Court's referral to the Magistrate was limited to "ALL DISCOVERY PURPOSES." ECF 66. In addition, "district courts are in the best position to interpret their own orders." *Northern Central Distributing, Inc. v. Bogenschutz*, No. 1:17-cv-01351, 2019 WL 1004843, at *6 n.2 (E.D. Cal. March 1, 2019) (*quoting JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.,* 359 F.3d 699, 705 (4th Cir. 2004)).

has made multiple attempts to serve a third-party deposition subpoena on the individual whose bona fide receipt served as the basis for these altered receipts, but she has tellingly evaded service. *Id*.

Similarly, Plaintiff R.L. submitted a receipt that matched a bona fide receipt in Uber's system, but had been altered to correspond with Plaintiff's allegations in the MDL. ECF 4137 at 5. In addition, R.L.'s purported receipt included formatting inconsistent with Uber's standard formatting. *Id*. Moreover, when confronted with this evidence of fraud, R.L. did not deny it, but rather submitted a different receipt in support of her claims. Cotton Decl. ¶ 4. That receipt, too, was determined by a forensic expert to have been altered to include a different date from the bona fide receipt with that Trip ID. *Id*. Metadata confirmed that this receipt was created over two years later using Acrobat PDFMaker. *Id*.

Another Plaintiff, J.H. (MDL 3621), submitted a bona fide receipt, but that receipt appeared to have been used as the basis for a fraudulent receipt submitted by another Plaintiff in the MDL. ECF 4137 at 18.

**B.  This Court's November 19 Order.**

After reviewing Uber's submissions, on November 19 this Court concluded that Plaintiffs A.E. and R.L. had submitted fraudulent receipts and ordered them to show cause why their claims should not be dismissed with prejudice. ECF 4440. It further ordered A.E., R.L., and J.H. "to submit within 30 days [which would be by December 19] to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here." *Id*.

**C.  Plaintiffs' non-compliance.**

As of the morning of December 5, 2025, despite multiple requests from Uber, Plaintiffs have not provided potential dates for the depositions ordered by this Court. Cotton Decl. ¶ 6. Indeed, according to their attorneys at the Pulaski Law Firm and Reich & Binstock, Plaintiffs A.E. and R.L. have reportedly not responded to multiple communications from counsel regarding their obligations under this Court's November 19 order. *Id*. Plaintiff J.H. reportedly spoke with her counsel on December 4 but declined to provide proposed dates for a deposition. *Id*. During a December 5 meet

DEFENDANTS' MOTION TO COMPEL
COMPLIANCE WITH COURT ORDER

1  and confer, counsel for Plaintiff J.H. indicated he did not expect Plaintiff J.H. would appear for a

2  deposition if Uber unilaterally noticed the deposition. *Id.* In short, although Uber met and conferred

3  with counsel for these Plaintiffs on December 2 and 5, 2025, counsel could not provide any assurances

4  that their clients would appear for depositions.[2] *Id.* Accordingly, the parties reached an impasse on

5  these issues. *Id.*

6  <u>ARGUMENT</u>

7  　　　Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to

8  provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P.

9  16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized

10 by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial

11 order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss

12 actions, Fed. R. Civ. P. 37(b)(2), but "courts have broad discretion to fashion an appropriate sanction

13 for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F.

14 App'x 238, 244 (9th Cir. 2021) (internal quotation omitted). This can include ordering additional

15 discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp'l*, No. 17-cv-05554, 2019 WL 4256383,

16 at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order

17 compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787, 2018 WL

18 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37).

19 **A. Plaintiffs must sit for the depositions this Court has ordered.**

20 　　　"Compliance with court orders is not optional" and parties are "not free to ignore the Court's

21 Orders with impunity." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810,

22 at *4 (C.D. Cal. May 3, 2021). Indeed, parties (and their attorneys) must comply with a court's

23 discovery orders or face sanctions, including fee shifting and the dismissal with prejudice of their

24 claims. Fed. R. Civ. P. 37(b)(2); *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F. 4th 1136, 1146 (9th

25 Cir. 2024); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232

26

27 ─────────────
[2] Given that Plaintiffs' counsel have not heard from their clients and cannot represent they will appear,

28 noticing the depositions would be "a waste of time and resources." *Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc.*, No. 2020 WL 1162702, at *5 (C.D. Cal. Jan. 7, 2020).

3

(9th Cir. 2006). This Court has ordered Plaintiffs A.E., R.L., and J.H. to sit for depositions. ECF 4440. Plaintiffs must comply with this order. *See Williams v. Parsells*, No. 24-254, 2025 WL 2709500, at *1 (9th Cir. Sept. 23, 2025) (affirming dismissal of plaintiff's action for failing to comply with order to appear for and participate in deposition).

### B. Dismissal of Plaintiffs' claims with prejudice is warranted but does not moot the need for discovery.

Nor can Plaintiffs simply accept a dismissal of their cases as a sanction for their non-compliance and ignore this Court's order that they sit for depositions. *See Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995) (failure to appear for court-ordered deposition not substantially justified despite prior dismissal of complaint), *abrogated on other grounds by Cunningham v. Hamilton Cnty., Ohio,* 527 U.S. 198, 202 (1999). In fact, if dismissal was the *only* result after Plaintiffs' coordinated fraud efforts in this docket, other fraudulent Plaintiffs would be encouraged to risk *only* that if they were to also be caught. A plaintiff's "mere desire to dismiss the case did not, and does not, abrogate his duty to comply with his discovery obligations and court orders." *Barrett v. Apple Inc.*, No. 20-cv-4812, 2023 WL 3006641, at *2 (N.D. Cal. April 18, 2023). Due to Plaintiffs' "own choice to file mass-joinder cases," they face court-ordered obligations as any litigant would. *In re PPA*, 460 F.3d at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). They cannot simply walk away now that dealing with the consequences of their apparent litigation fraud has become inconvenient.

Indeed, it is well established that "the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008); *see also Coupa Software Inc. v. DCR Workforce, Inc.*, No. 3:23-cv-3102, 2023 WL 6247252, at *4 (N.D. Cal. Sep. 22, 2023) ("District courts have broad discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.") (quoting *Moore's Federal Practice* § 41.40[7][b][v] (3d ed. 2018)). Nor can a plaintiff use dismissal "to escape

the effect of unfavorable discovery rulings." *Chicano v. Monier, Inc.*, No. 06-cv-5028, 2007 WL 951761, at *1 (W.D. Wash. March 27, 2007). Although dismissal with prejudice is absolutely warranted here as a result of Plaintiffs' fraud and failure to comply with court orders, *see* Fed. R. Civ. P. 37(b)(2), they should not be permitted to use that dismissal as a means to deprive Uber the discovery it seeks, and was awarded, regarding the fraudulent conduct.

It is particularly important that these Plaintiffs sit for their depositions because "discovery misconduct" is a "serious matter." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th Cir. 2005). Where it has occurred, courts have not hesitated to order additional discovery as a remedy. *See Sentinel Offender Servs., LLC v. G4S Secure Sols. (USA) Inc.*, No. 14-cv-298, 2016 WL 9454422, at *5 (C.D. Cal. Jan. 21, 2016). Uber has presented significant evidence, which this Court has previously accepted, that Plaintiffs submitted fraudulent receipts in support of their claims, but only Plaintiffs themselves know the full story of their conduct and the extent of coordination with others. They must answer for it in their depositions so that Uber and this Court can better understand the scope of the fraud problem in this MDL and determine appropriate remedies and hopefully methods to weed it out.

In addition, discovery from these Plaintiffs is crucial for this Court to understand whether counsel fulfilled its "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). Plaintiffs' fraud (not to mention that of more than thirty other Plaintiffs in this MDL) raises serious questions about whether counsel performed adequate due diligence before initiating the actions it and its clients now want to walk away from. The persistence of clickbait-generated clients in this docket – and Plaintiffs' counsels' lack of contact with their clients this far into litigation – further underscores the need for proper pre-filing vetting by Plaintiffs' counsel to avoid injecting even more fraudulent cases in the mix. Indeed, a federal judge in Pennsylvania recently referred a matter to the Department of Justice for investigation after finding plaintiffs' attorneys in a product liability action had, among other things, "conducted grossly inadequate presuit investigations" and filed complaints "which include numerous false, misleading, and baseless allegations." *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2025 WL 3455934, at *1 (E.D. Penn. Dec. 2, 2025). Fraud issues in mass tort litigation are real, are

5

serious, and warrant full investigation. It is clear there are fraudulent claims on this Court's docket – the extent of which remains unknown but increasingly concerning.

### C. This Court should use Rule 37 to compel Plaintiffs' compliance.

Under the Federal Rules of Civil Procedure, a court can "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ P. 37(b)(2)(vii). This includes orders to sit for depositions where a party has failed "to take all reasonable steps within the party's power to comply." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2389 F.R.D. 548, 552 (N.D. Cal. Feb. 19, 2013). And civil contempt may appropriately be used to get a party to make good faith efforts to comply with a discovery request. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992); *Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-420, 2012 WL 2551000, at *15 (E.D. Cal. June 22, 2021) (using civil contempt to encourage witnesses to appear for depositions). That is exactly what is needed here.

Plaintiffs A.E., R.L., and J.H. have already been ordered to sit for depositions, but they have not made any efforts to comply with that order or even apparently acknowledge it. The Court can and should impose sanctions to prevent the Plaintiffs from simply ignoring its order. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1106 (9th Cir. 2005) (affirming imposition of sanctions to prevent "an intentional effort, reckless and in bad faith… to ignore the court's orders"); *Buccola v. Boucher*, No. 22-cv-3877, 2024 WL 4584-35, at *4 (N.D. Cal. Oct. 24, 2024) (granting sanctions because none of plaintiff's excuses "speak to why [she] could willingly ignore a Court order"). Indeed, this Court has already recognized the possibility that the conduct at issue here – submitting fraudulent ride receipts – "could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel." ECF 3759.

### CONCLUSION

This Court set a clear deadline for J.H., R.L., and A.E. to sit for depositions related to the fraudulent receipts they submitted in this litigation. In response, Plaintiffs are non-responsive or, at least in the case Plaintiff J.H., simply refuse to comply with this Court's November 19 Order. This Court should order the Plaintiffs to sit for deposition within 30 days of this Court's order. If any

1    Plaintiff fails to appear for deposition, such Plaintiff(s) should be found in contempt of Court and

2    further proceedings should follow separately. In addition, in light of the circumstances of these cases,

3    Plaintiffs' counsel should be ordered to produce a sworn declaration within five court days of this

4    Court's order that addresses counsel's presuit investigation as to these Plaintiffs' claims, including a

5    privilege log of all communications with each Plaintiff.

6                    .

7    DATED: December 5, 2025                    Respectfully submitted,

8                                               **SHOOK, HARDY & BACON L.L.P.**

9                                               By: /s/ Christopher V. Cotton

10                                              CHRISTOPHER V. COTTON

11                                              *Attorney for Defendants*
                                                UBER TECHNOLOGIES, INC.,
12                                              RASIER, LLC, and RASIER-CA, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANTS' MOTION TO COMPEL
COMPLIANCE WITH COURT ORDER