# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-mc-00121-NYW

UBER TECHNOLOGIES, INC., RAISER, LLC, AND RAISER-CA, LLC,

    Petitioners-Issuing Parties,

v.

EXPRESS DIGITAL SERVICES, LLC AND SHAWN GRAFT D/B/A EXPRESS DIGITAL SERVICES, LLC,

    Respondents-Subpoenaed Parties.

---

## DECLARATION OF KELLY H. TWIGGER

---

I, Kelly H. Twigger, declare as follows:

    1.    I am counsel for Respondents Express Digital Services, LLC and Shawn Graft in this matter. I submit this declaration in support of Respondents' Motion for Extension of Time to Respond to Petitioners' Petition. I have personal knowledge of the facts stated herein.

    2.    Express Digital Services, LLC is a nonparty to the underlying multidistrict litigation. It is a sole proprietor LLC owned and operated by Shawn Graft.

    3.    From the outset, Respondents have attempted to cooperate in good faith with Petitioners regarding the subpoena while preserving Respondents' rights and protections under Federal Rule of Civil Procedure 45.

4. On or about October 9, 2025, Petitioners' investigator contacted Mr. Graft directly regarding Petitioners' investigation. Mr. Graft referred the investigator to counsel.

5. I was retained to represent Express Digital Services, LLC and Mr. Graft in connection with Petitioners' subpoena on or about October 16, 2025. On that same date, I agreed to accept service of a modified subpoena directed solely to Express Digital Services, LLC.

6. Petitioners initially served a subpoena that was directed to both Express Digital Services, LLC and Mr. Graft individually. After discussion between counsel, and in recognition that the information sought related to the business entity, Petitioners agreed to withdraw that subpoena and reissued a revised subpoena directed solely to Express Digital Services, LLC. Respondents understood and relied on that agreement.

7. Respondents thereafter engaged with Petitioners' counsel and, on October 26, 2025, produced documents and information responsive to the subpoena directed to Express Digital Services, LLC that existed within Respondents' possession, custody, or control.

8. During the course of compliance, Respondents explained that certain categories of information sought by Petitioners did not exist by design and could not be produced. Petitioners later sought additional categories of information beyond what had been previously discussed or agreed, and Respondents raised concerns regarding relevance, proportionality, burden, and the non-existence of certain data.

9. On or about November 21, 2025, I advised Petitioner's counsel that Mr Graft would be traveling internationally and unavailable from Thanksgiving until January 6, 2026 and I would not be authorized to accept service until his return.

10. On or about December 2, 2025, Petitioners' counsel advised me that Petitioners intended to seek judicial intervention regarding Respondents' subpoena compliance.

11. Petitioners filed the Petition in the District of Colorado on December 23, 2025, two days before Christmas. Despite the operative subpoena being directed only to Express Digital Services, LLC, the Petition lists both Express Digital Services, LLC and Shawn Graft as Respondents.

12. Petitioners attempted service of the Petition by delivering materials to a virtual mailbox service used by Express Digital Services, LLC. Neither Express Digital Services, LLC nor Mr. Graft was personally served with the summons or Petition.

13. Prior to January 9, 2026, I was not authorized to accept service of the Petition on behalf of Express Digital Services, LLC or Mr. Graft. I advised Petitioners' counsel that I was not authorized to accept service and that service by email or electronic transmission was not authorized.

14. Because Mr. Graft was traveling internationally, the materials delivered to the virtual mailbox service were not immediately retrieved. The envelope delivered to the virtual mailbox service was first retrieved and forwarded on January 9, 2026, and the physical materials were delivered to me in person that same day.

15. To eliminate any dispute regarding service and allow this matter to proceed in an orderly manner, I expressly accepted service on behalf of Express Digital

3

Services, LLC and Mr. Graft on January 9, 2026, effective that date. My acceptance of service was prospective only and did not concede that service had previously been properly effected.

16. Petitioners also initiated proceedings before the Judicial Panel on Multidistrict Litigation relating to a potential transfer of this action. Respondents understand that a notice regarding those proceedings was transmitted on or about January 5, 2026; however, Respondents did not receive that notice during the relevant objection period through no fault of Respondents.

17. Upon learning that a transfer order had been finalized, Respondents promptly contacted the Judicial Panel on Multidistrict Litigation and are currently taking appropriate steps to address the procedural posture. Respondents do not consent to transfer of this nonparty subpoena dispute under Federal Rule of Civil Procedure 45(f).

18. In parallel with addressing the procedural issues described above, I have contacted Petitioners' counsel to explore whether the remaining issues can be resolved without further motion practice. Respondents' preference is to resolve this matter efficiently, consistent with Rule 45's protections for nonparties, including appropriate limitations on scope and reimbursement of reasonable costs.

19. This declaration is submitted solely to provide the Court with a factual account of the timing and circumstances surrounding the subpoena, service of the Petition, related proceedings, and Respondents' request for a brief extension of time. Nothing herein is intended to waive any objections to service, jurisdiction, venue, transfer, or the propriety or scope of the relief sought, or Respondents' right to seek cost-shifting and other protections under Federal Rule of Civil Procedure 45.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 13th day of January, 2026.

> */s/ Kelly H. Twigger*
> Kelly H. Twigger
> ESI Attorneys LLC
> 2945 Juilliard Street
> Boulder, CO 80305
> 720-370-0435
> ktwigger@esiattorneys.com
> *Counsel for Respondents*